IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. _____ |
| | ) | |
| CORDIS CORPORATION, a Florida corporation, | ) | **REDACTED** **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Wyeth brings this breach of contract action against Cordis Corporation ("Cordis") for damages and declaratory and injunctive relief, and alleges as follows:

### THE PARTIES

1.      Wyeth, formerly known as American Home Products Corporation, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Madison, New Jersey.

2.      Cordis is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Miami Lakes, Florida.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.    This Court has personal jurisdiction over Cordis pursuant to 10 Del. C. § 3104(c)(1) because Cordis transacts business in the State of Delaware and because Cordis consented to personal jurisdiction in this forum.

5.    Venue is proper in this judicial district under 28 U.S.C. § 1391.

6.    An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 entitling Wyeth to a declaration of its right to terminate its agreement with Cordis as well as other appropriate relief detailed below.

## BACKGROUND FACTS

7.    Wyeth and Cordis entered into a License and Supply Agreement

Redacted

8.    The CYPHER stent is manufactured, marketed and sold by Cordis. A stent is a metal cylinder that is surgically inserted into a heart patient's artery to keep the artery open after it has been cleared by a balloon angioplasty procedure.

Redacted

Rapamycin increases the effectiveness of the stent by preventing build-up of new tissue around the implanted stent that could re-clog the artery.

9.

Redacted

Redacted

10.

Redacted

11.

Redacted

Redacted

12.

Redacted

13.

Redacted

Redacted

14.

Redacted

15.

Redacted

16.

Redacted

17.                    Redacted

Redacted

18.

Redacted

19.

Redacted

20.

Redacted

21.

Redacted

22.

Redacted

23.

Redacted

24.

Redacted

25.

Redacted

Redacted

26.     Wyeth sent written notice of the above-described breaches to Cordis on April 14, 2006.

27.

Redacted

28.

Redacted

29.     Wyeth believes the breaches summarized above are material, and Cordis has not cured them within the requisite period.  Cordis has contended that it has not materially breached the License Agreement.  Wyeth has a present intention to terminate the License Agreement as a result of Cordis's material breaches.

## COUNT I - BREACH OF CONTRACT

Redacted

30.     Wyeth realleges paragraphs 1 through 29 above as if fully set forth herein.

31.

Redacted

32.

Redacted

33.

Redacted

34.     Cordis's actions constitute material breaches of the License Agreement.

35.     Wyeth has suffered significant harm :

Redacted

36.     As a result of Cordis's material breaches, Wyeth seeks

Redacted

## COUNT II - BREACH OF CONTRACT

Redacted

37.     Wyeth realleges paragraphs 1 through 36 above as if fully set forth herein.

38.     Cordis has failed to meet its obligations under the License Agreement

Redacted

39.

Redacted

40.

Redacted

41.    Cordis's actions constitute material breaches of the License Agreement.

42.    Wyeth has suffered significant harm,

Redacted

43.    As a result of Cordis's material breaches, Wyeth seeks

Redacted

### PRAYER FOR RELIEF

Wyeth hereby incorporates the foregoing Paragraphs of this Complaint as if fully set forth herein. WHEREFORE, Wyeth prays that the Court:

a.    Declare that Cordis's failures to meet obligations set forth in the License Agreement constitute material breaches of the License Agreement;

b.    Declare Wyeth's right to terminate the License Agreement based on Cordis's material breaches;

c.    Issue an injunction compelling Cordis to

Redacted

Redacted

d.    Issue an injunction compelling Cordis to

Redacted

e.    Declare that Cordis            Redacted

f.    Award Wyeth compensatory damages in an amount to be proven at trial;

g.    Retain jurisdiction over this matter for an appropriate period of time to enforce compliance with the relief ordered; and

h.    Award Wyeth such other and further relief as the Court deems just and equitable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Plaintiff*

Of Counsel:

William F. Lee
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Thomas F. Connell
William G. McElwain
Amy Kreiger Wigmore
Tracey C. Allen
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 633-6000

October 26, 2006