# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-663-SLR |
| | ) | |
| CORDIS CORPORATION, a Florida corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Upon consideration of Plaintiff Wyeth's Motion for Extension of Time to File its Opposition to Defendant Cordis Corporation's Motion to Dismiss, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motion is GRANTED;

2.    Plaintiff shall have ten (10) days from the completion of jurisdictional discovery within which to file its Opposition to Defendant's Motion to Dismiss.

_____
Robinson, C.J.

548784

# EXHIBIT B

# Viewed and Printed on June 5, 2006



a Johnson-Johnson company



VISIT CORDIS
INTERNATIONAL

| About Cordis | Clinical Professionals | Administrative Professionals | Patients | Press Room |

**Cordis History**

**Our Credo**

**Environmental, Health
and Safety Policy**

**Careers**



## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered less invasive treatments for vascular disease. Technological innovation and a deep understanding of the medical marketplace and the needs of patients have made Cordis the world's leading developer and manufacturer of breakthrough products for interventional medicine, minimally invasive computer-based imaging, and electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment to continue the Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has four business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease management; *Cordis Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neurovascular, Inc.* for neurovascular management of stroke, and *Biosense Webster, Inc.* for electrophysiology and medical sensor technology in cardiovascular procedures.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**
Company Group Chairman, Johnson & Johnson
Worldwide Franchise Chairman, Cordis Corporation:              Rick Anderson
Worldwide President, Cordis Endovascular, Division of Cordis Corporation: Glen Kashuba
General Manager, Cordis Neurovascular, Division of Cordis Corporation:    Jan Keltjens

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of Community Relations at 786-313-2000.

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-57      **Site Map      Contact Us      Legal Notice      Privacy Policy**

# Viewed and Printed on August 9, 2006

Cordis                                                                                    Page 1 of 1



a *Johnson & Johnson* company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |

**Cordis History**
**Our Credo**
**Environmental, Health and Safety Policy**
**Careers**

## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered treatments for vascular disease. Technological innovation and a deep understanding of the marketplace and the needs of patients have made Cordis the world's leading developer and breakthrough products for interventional medicine, minimally invasive computer-based ima electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has four business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease m *Cordis Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cor Inc.* for neurovascular management of stroke, and *Biosense Webster, Inc.* for electrophysio sensor technology in cardiovascular procedures.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**
Company Group Chairman, Johnson & Johnson
Worldwide Franchise Chairman, Cordis Corporation:                         Rick Anderson
Worldwide President, Cordis Endovascular, Division of Cordis Corporation: Glen Kashuba
General Manager, Cordis Neurovascular, Division of Cordis Corporation:    Jan Keltjens

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C Relations at 786-313-2000.

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-60          Site Map     Contact Us     Legal Notice

# Viewed and Printed on October 27, 2006


a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |
| --- | --- | --- | --- |

Cordis History
Our Credo
Environmental, Health
and Safety Policy
Careers

## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered
treatments for vascular disease. Technological innovation and a deep understanding of the
marketplace and the needs of patients have made Cordis the world's leading developer and
breakthrough products for interventional medicine, minimally invasive computer-based ima
electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t
Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man
*Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu*
for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and
technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme
biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**
Company Group Chairman, Johnson & Johnson
Worldwide Franchise Chairman, Cordis Corporation:                          Rick Anderson
Worldwide President, Cordis Cardiology, Division of Cordis Corporation:     Todd M. Pope
Worldwide President, Cordis Endovascular, Division of Cordis Corporation:   Glen Kashuba
General Manager, Cordis Neurovascular, Division of Cordis Corporation:      Jan Keltjens
Worldwide President, Biosense Webster, Inc.:                                Roy Tanaka

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C
Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-72    Site Map    Contact Us    Legal Notice

# Viewed and Printed on November 19, 2006



a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |
|---|---|---|---|
| Cordis History | Cardiology Products | | |
| Our Credo | Endovascular Products | | |
| Environmental, Health and Safety Policy | Biologics Delivery Systems | | |
| Careers | | | |

**Company Description**

For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered treatments for vascular disease. Technological innovation and a deep understanding of the marketplace and the needs of patients have made Cordis the world's leading developer and breakthrough products for interventional medicine, minimally invasive computer-based ima electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**

Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man *Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu* for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**

| | |
|---|---|
| Company Group Chairman, Johnson & Johnson Worldwide Franchise Chairman, Cordis Corporation: | Rick Anderson |
| Worldwide President, Cordis Cardiology, Division of Cordis Corporation: | Todd M. Pope |
| Worldwide President, Cordis Endovascular, Division of Cordis Corporation: | Glen Kashuba |
| General Manager, Cordis Neurovascular, Division of Cordis Corporation: | Jan Keltjens |
| Worldwide President, Biosense Webster, Inc.: | Roy Tanaka |

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-72     Site Map     Contact Us     Legal Notice

# Viewed and Printed on December 4, 2006



a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients | |
|---|---|---|---|---|

**Cordis History**

**Our Credo**

**Environmental, Health and Safety Policy**

**Careers**

## About Cordis

**Company Description**

For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered treatments for vascular disease. Technological innovation and a deep understanding of the marketplace and the needs of patients have made Cordis the world's leading developer and breakthrough products for interventional medicine, minimally invasive computer-based ima electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**

Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man *Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu* for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**

| | |
|---|---|
| Company Group Chairman, Johnson & Johnson Worldwide Franchise Chairman, Cordis Corporation: | Rick Anderson |
| Worldwide President, Cordis Cardiology, Division of Cordis Corporation: | Todd M. Pope |
| Worldwide President, Cordis Endovascular, Division of Cordis Corporation: | Glen Kashuba |
| General Manager, Cordis Neurovascular, Division of Cordis Corporation: | Jan Keltjens |
| Worldwide President, Biosense Webster, Inc.: | Roy Tanaka |

Cordis Corporation Charitable Contributions Request Form

If you have any questions, please contact the Human Resources Department, Director of C Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**

http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-74       Site Map       Contact Us     Legal Notice

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>CORDIS CORPORATION, a Florida<br>corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 06-663 (SLR) |

## PLAINTIFF WYETH'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Wyeth hereby requests that Defendant Cordis Corporation ("Cordis") produce for inspection and copying at the offices of Morris, Nichols, Arsht & Tunnell LLP, on or before January 4, 2007, or such earlier date as Cordis agrees, the documents described below:

## DEFINITIONS AND INSTRUCTIONS

Unless the context otherwise indicates, the following words and phrases are defined and used herein as follows:

1.     "Cordis" means Cordis Corporation, but unless otherwise stated, it does not include Cordis's corporate parent nor any wholly-owned subsidiaries of Cordis.

2.     "Johnson & Johnson" means Johnson & Johnson, Inc.

3.     "Document" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts, records, books, electronically stored information, memoranda, notes, notebooks, maps, sketches, cablegrams,

telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, other tape recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof in the possession, custody, or control of Cordis.

4.    A document "relating" or "related" to a given subject matter means any document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation documents concerning the presentation of other documents.

5.    Whenever it is necessary to bring with the scope of these Requests information, communications, or documents that otherwise might be construed to be outside their scope, (a) the use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (b) the use of a word in its singular form shall be construed to include within its meaning its plural form as well, and vice versa; and (c) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

6.    If in responding to these Document Requests you encounter any ambiguity in construing either the request, or a definition or instruction related thereto, please construe such request as requiring the fullest disclosure of relevant information, and not as limiting disclosure.

7.    These Document Requests are continuing in character.  Please provide additional, amended responses promptly whenever you obtain further or different information needed to make your responses complete and accurate.

8.    If any document covered by these Requests is no longer in the possession, custody or control of Cordis, or no longer exists, please respond by identifying such document,

2

describing the document to the best of Cordis's knowledge, and stating the present location of such document and/or its last known location.

        9.      If any privilege is claimed as to any document requested herein, please:

        a.      state the name of the privilege claimed (e.g., attorney-client, work product);

        b.      state the name of the attorney, if any, with respect to whom the privilege is claimed;

        c.      state the facts upon which Cordis relies as to the basis for claiming the privilege as to the specific document;

        d.      state the date of the document; and

        e.      identify the type of document (e.g., letter, memorandum), each person who prepared it and each person (if any) who signed it; each person to whom it was directed, circulated, or shown; and each person now in possession of the document.

3

## REQUEST FOR DOCUMENTS

### REQUEST NO. 1

Documents sufficient to identify the location of Cordis's Corporate Headquarters.

### REQUEST NO. 2

All documents prepared by or on behalf of Cordis since 2000 describing the location of Cordis's Corporate Headquarters as being in Florida.

### REQUEST NO. 3

All documents prepared by or on behalf of Cordis since 2000 describing the location of Cordis's Corporate Headquarters as being in New Jersey.

### REQUEST NO. 4

All documents prepared by or on behalf of Cordis since 2000 describing Cordis's principal place of business as Florida.

### REQUEST NO. 5

All documents prepared by or on behalf of Cordis since 2000 describing Cordis's principal place of business as New Jersey.

### REQUEST NO. 6

Documents sufficient to determine the number and location of all Cordis employees, and their general job descriptions and duties.

### REQUEST NO. 7

All documents constituting or relating to organizational charts of Cordis, from 2000 to the present.

4

**REQUEST NO. 8**

Documents sufficient to determine the location of each of Cordis's offices, facilities, manufacturing and production sites, operations and affiliated companies, and with respect to each such office, facility, manufacturing and production site, operation or affiliated company:

(a)    the employment responsibilities and duties of Cordis employees working at that location;

(b)    the number of employees at that location;

(c)    the payroll amount on an annual basis for all employees at that location;

(d)    the amount (in dollars) of annual revenues and sales generated at that location;

(e)    the dollar value of the inventory at that location; and

(f)    the value of real estate and/or tangible property at that location.

**REQUEST NO. 9**

Documents sufficient to determine the number, title, responsibilities and locations of all executives, managers and supervisory personnel at Cordis at any level below that of the Cordis Franchise Global Management Board.

**REQUEST NO. 10**

Documents sufficient to determine the number of Cordis's U.S. employees who are exempt from the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), and as to those employees, their geographic location and the nature of their duties.

**REQUEST NO. 11**

Documents sufficient to determine the location and book value of all real property, tangible property, and other assets currently owned by Cordis.

**REQUEST NO. 12**

Documents sufficient to determine the amount of taxes paid by Cordis (or on Cordis's behalf), during each of the years 2000 to the present, to each state or local government entity or taxing or regulatory authority based on the value of real property, tangible property or other assets owned by Cordis.

**REQUEST NO. 13**

For each year from 2000 to the present, all tax returns filed by Cordis with any state or local tax or regulatory authority within the States of Florida and New Jersey.

**REQUEST NO. 14**

Documents sufficient to determine the physical location, staffing and functions of all departments within Cordis, including without limitation the number and location of all employees within the following departments:

    (a)    Research and engineering, or its equivalent;

    (b)    Medical Affairs, or its equivalent;

    (c)    Clinical Affairs, or its equivalent;

    (d)    Regulatory Affairs, or its equivalent;

    (e)    Sales, or its equivalent;

    (f)    Marketing, or its equivalent;

    (g)    Human Resources, or its equivalent;

    (h)    Finance and accounting, or its equivalent;

(i)    Public Relations, or its equivalent; and

(j)    Personnel, or its equivalent.

## REQUEST NO. 15

Documents sufficient to determine the location of each of Cordis's bank accounts, and the average annual balance within them, during each of the years from 2000 to the present.

## REQUEST NO. 16

All documents constituting, containing or relating to any representation or similar statement (including without limitation representations and/or statements made to courts, to parties in litigation, to governments or government regulatory agencies, and/or to private parties) made by Cordis since 1996 about the location of its principal place of business.

## REQUEST NO. 17

Documents sufficient to describe the relationship between Cordis and its parent corporation Johnson & Johnson, and to determine the extent to which Johnson & Johnson exercises control and decision-making authority over Cordis, including over the day-to-day conduct of Cordis's business.

## REQUEST NO. 18

Documents sufficient to determine the names, titles, and positions of all Cordis employees who are also jointly employed by Johnson & Johnson, or who otherwise serve in a joint capacity with both Johnson & Johnson and Cordis.

## REQUEST NO. 19

Documents sufficient to determine the employer of each current member of the Cordis Franchise Global Management Board, and as to each such Board member,

(a)    the dates of his employment;

7

(b)    the dates of his service as a Board member; and

(c)    the geographic location of his office during those periods.

## REQUEST NO. 20

Documents sufficient to determine the names and locations of all Cordis subsidiary corporations and affiliates, and the number and locations of all employees of each such corporation or affiliate.

## REQUEST NO. 21

Documents constituting the current version of Cordis's corporate charter and by-laws.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Jack B. Blumenfeld (#1014)*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Plaintiff Wyeth*

Of Counsel:

William F. Lee
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Thomas F. Connell
William G. McElwain
Amy Kreiger Wigmore
Tracey C. Allen
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

December 5, 2006

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing was served on December 5, 2006 upon the following and in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Lawrence C. Ashby, Esq.
Steven J. Balick, Esq.
Richard L. Renck, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

### BY E-MAIL

Gregory L. Diskant, Esq.
Michael J. Timmons, Esq.
Irena Royzman, Esq.
Patrick S. Almonrode, Esq.
Rosa E. Son, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036

Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH, a Delaware corporation, )
)
       Plaintiff, )
)
    vs. )     C.A. No. 06-663-SLR
)
CORDIS CORPORATION, a Florida )   **REDACTED VERSION**
corporation, )
)
      Defendant. )
)

## PLAINTIFF WYETH'S MOTION FOR EXTENSION OF TIME TO FILE ITS ANSWERING BRIEF IN OPPOSITION TO CORDIS'S MOTION TO DISMISS

      Plaintiff Wyeth respectfully moves this Court for an Order, in the form attached hereto as Ex. A, extending the time for it to respond to Defendant Cordis Corporation's ("Cordis") "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the Alternative, to Dismiss or Stay This Action Pending Resolution of the Co-Pending Action in the Delaware Court of Chancery" (the "Motion to Dismiss") (D.I. 8). This extension is necessary to allow Wyeth to conduct focused and meaningful discovery of jurisdictional facts concerning Cordis's position that its principal place of business is New Jersey, not Florida, and hence that this Court has no jurisdiction pursuant to 28 U.S.C. § 1332(a). As discussed below, Cordis's new-found claim of New Jersey citizenship is contradicted by an extraordinary amount of evidence, including Cordis's recent and repeated representations to other courts throughout the country that its principal place of business is Florida, not New Jersey.

      Cordis has agreed that some jurisdictional discovery is warranted here, but disputes its scope. In particular, Cordis has objected to nearly all of the document requests on jurisdictional discovery served by Wyeth, has not stated what documents it intends to produce,

and has objected to most of the Rule 30(b)(6) deposition discovery requested by Wyeth. Instead, Cordis proposes to produce some unspecified group of documents on the eve of Christmas, present one witness for deposition on January 4, and then close all jurisdictional discovery, while setting an arbitrary deadline (January 10) for the filing of Wyeth's Answering Brief in Opposition. Through this maneuver, Cordis apparently hopes to bar meaningful discovery of the relevant jurisdictional facts, and leave the Court in the position of having to decide this important question without the benefit of a full and accurate record.

By this Motion, Wyeth seeks an Order extending the deadline for filing its Opposition to the Motion to Dismiss until ten (10) days after the completion of jurisdictional discovery. That will allow the parties time to resolve their disputes over jurisdictional discovery and will still permit a full and meaningful opportunity to brief the issue to the Court.

## FACTS AND ARGUMENT

On October 26, 2006, Wyeth filed its Complaint against Cordis in this Court. (D.I. 1). The Complaint was based on a License Agreement

REDACTED

In this action, Wyeth has alleged that Cordis breached the License Agreement and has requested damages and declaratory and injunctive relief based on those breaches. *Id.*

Despite            REDACTED

Cordis has made vigorous efforts to escape the jurisdiction of this Court in this action. The day after the Complaint was filed, Cordis filed a duplicative action in the Delaware Court of

Chancery that mirrors Wyeth's Complaint in every material respect. *See* D.I. 9, Ex. 3. Wyeth has moved to dismiss or stay that second-filed action.[1]

In addition, on November 16, 2006, Cordis filed its Motion to Dismiss in this Court. (D.I. 8). Cordis's principal argument in support of dismissal is its claim that, beginning in 1996 when it was purchased by Johnson & Johnson, Cordis moved its principal place of business from Florida to New Jersey. *See* Cordis's Opening Brief In Support of its Motion to Dismiss at 11-12 (D.I. 9). The sole "evidence" proffered by Cordis in support of that assertion is the Declaration of

REDACTED

Based on this Declaration, Cordis has argued that its principal place of business is now New Jersey, not Florida; and because Wyeth's principal place of business is also New Jersey, Cordis contends that this Court lacks diversity jurisdiction over this action.

---

[1]    On November 27, 2006, Wyeth filed its "Motion to Dismiss or Stay" the second-filed Chancery Court action, citing Delaware's long-standing rule that second-filed cases should be dismissed or stayed in deference to first-filed actions like this one. *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970). Wyeth filed its Opening Brief in support of its motion in Chancery Court on December 5, 2006, and briefing on that motion will be completed on January 19, 2007. In the Chancery action, Cordis requested 30 days to respond to Wyeth's motion, even though no discovery was needed. Wyeth immediately agreed to the request out of professional courtesy.

Cordis's new-found claim of New Jersey citizenship is contradicted by substantial evidence. First, Cordis acknowledged the diversity of citizenship between Wyeth and Cordis when it                    REDACTED                              If Cordis has had New Jersey citizenship since 1996, or

REDACTED

Second, although Wyeth has not had any discovery in this action, the available facts strongly suggest that Cordis's principal place of business is still Florida. In addition to

REDACTED

Cordis's public website states that Cordis's "Corporate headquarters" are in Florida.[2]

Third, since 2002, Cordis has repeatedly represented to other courts around the country that its principal place of business is Florida, not New Jersey. As recently as October 16, 2006 -- *ten days* before Wyeth's Complaint in this action was filed -- Cordis told the U. S. District Court in Florida that Cordis "is a Florida Corporation with a principal place of business in Miami Lakes, Florida." Cordis Corporation's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint at ¶ 4, *Entenberg v. Cordis Corp.*, No. 06-61554 (S.D. Fl. Oct. 16, 2006). It is difficult, if not impossible, to reconcile that Cordis representation made on October 16, 2006, with Cordis's claim in this action that it was a New Jersey citizen ten days later, on October 26, 2006, when Wyeth's complaint was filed.[3]

---

[2]     *See* screenshots from www.cordis.com viewed and printed in June, August, October and December 2006, attached hereto as Ex. B.

[3]     *See also*:

- Answer of Defendant Cordis Corp. to Amended Complaint ¶ 2, *Spectralytics Inc. v. Cordis Corp.*, No. 05-cv-1464 (JRT/FLN) (D. Minn. Aug. 17, 2006) (Cordis "admits"

4

In light of Cordis's extraordinary reversal of position on citizenship, Wyeth has

sought narrow, focused discovery on facts relevant to the jurisdictional issue of whether Cordis's

principal place of business is Florida or New Jersey. On December 5, 2006, Wyeth served its

First Request for the Production of Documents (attached as Ex. C), a Notice of Deposition of

Rick Anderson (D.I. 14), and a Notice of Deposition Pursuant to Federal Rule of Civil Procedure

---

that it "has a principal place of business at 14201 N.W. 60th Avenue, Miami Lakes,
Florida 33014"); Answer of Defendant Cordis Corp. ¶ 2, *Spectralytics Inc. v. Cordis
Corp.*, No. 05-cv-1464 (JRT/FLN) (D. Minn. Dec. 21, 2005) (Cordis "admits" that it
"has a principal place of business at 14201 N.W. 60th Avenue, Miami Lakes, Florida
33014.").

- Answer of Defendant Cordis Corporation at ¶ 2, *Conrad v. Cordis Corp.*, No 05-351
  (E.D. Ky. Aug. 29, 2005) ("Cordis admits that it is a Florida corporation with its
  principal place of business in Florida.").

- Notice of Removal at ¶ 4, *Cassino v. Johnson & Johnson*, No. 05-571 (D. Co. Mar.
  28, 2005) ("Defendant Cordis Corporation is incorporated and has its principal place
  of business in Florida.").

- Notice of Removal at ¶ 5, *Tantillo v. Cordis Corp.*, No. 04-2005 (E.D. La. July 16,
  2004) ("Cordis is a Florida corporation with its principal place of business in
  Florida.").

- Defendant Cordis Corporation's Answer to Plaintiff Stratienko's Amended Complaint
  at ¶ 2, *Stratienko v. Cordis Corp.*, No. 02-005 (E.D. Tenn. Apr. 30, 2003) ("Cordis
  denies that its principal place of business is in Warren, New Jersey. Cordis' principal
  place of business is in Miami Lakes, Florida").

- Defendant Cordis Corporation's Answer to Plaintiff Stratienko's Complaint at ¶ 2,
  *Stratienko v. Cordis Corp.*, No. 02-005 (E.D. Tenn. Jan. 21, 2002) ("Cordis denies
  that its principal place of business is in Warren, New Jersey. Cordis' principal place
  of business is in Miami Lakes, Florida.").

- Answer at ¶ 2, *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, No. 02-022555 (S.D. Fl.
  Oct. 1, 2002) (admitting that "Cordis is a Florida corporation having a principal place
  of business at 14201 N.W. 60th Avenue, Miami Lakes, Florida").

- Answer at ¶ 2, *Kan v. Cordis Corp.*, No. 02-0959 (N.D. Al. June 7, 2002) (admitting,
  in relevant part, that "Cordis Corporation … [has] its principal place of business in
  Florida"); *see also* Complaint at ¶ 2, *Kan v. Cordis Corp.*, No. 02-0959 (Apr. 17,
  2002).

5

30(b)(6) (D.I. 15).  Wyeth's discovery requests are narrowly-tailored and track the relevant jurisdictional factors mentioned in case law in this Circuit, including *Kelly v. United States Steel Corp.,* 284 F.2d 850 (3d Cir. 1960).

Cordis has agreed that some jurisdictional discovery is warranted, but has sought to limit significantly the scope of such discovery.  Cordis has objected to nearly all of Wyeth's document requests on a number of grounds, and has objected as well to most of Wyeth's Rule 30(b)(6) requests as well.  Cordis has stated that it will produce some unspecified group of documents "within two weeks" -- meaning on the eve of the Christmas holidays -- and then wants to begin and complete deposition discovery with one witness testifying on one day, January 4, 2007.  The parties are attempting to resolve their differences over this issue, but thus far without success.

To ensure that there is enough time to address and resolve these disputes, while still permitting meaningful discovery, Wyeth asked Cordis to agree that the deadline for Wyeth to file its Opposition to the Motion to Dismiss should be extended until 10 days after the conclusion of all jurisdictional discovery.  Cordis has not agreed to that request.  Instead, at 4:30 p.m. today, Cordis proposed simply to schedule the deposition of Rick Anderson for January 4, 2007, and to set a deadline for the filing of Wyeth's Opposition to the Motion to Dismiss on January 10, 2007.  That proposal is unacceptable.

First, Cordis has given no indication of what documents it intends to produce in response to Wyeth's Requests, or when it will do so.  Although Cordis has not served a formal response to the Document Requests, it has indicated orally that it objects to nearly all of them on a variety of grounds.  In light of those extensive objections, it is unlikely that Cordis intends to produce documents sufficient to assess properly the jurisdictional facts, or to permit a

meaningful cross-examination of any Cordis witnesses. Before taking Mr. Anderson's deposition, Wyeth obviously needs to review any relevant documents, and the parties need the opportunity to resolve any further disputes about the scope of the document production, including with Court intervention, if necessary. Cordis's proposed schedule does not allow that opportunity.

Second, Cordis has not indicated when or whether it will produce a Rule 30(b)(6) witness who is prepared to testify to all of the facts necessary to decide the jurisdictional issues. Wyeth needs all three forms of this discovery -- document discovery, a Rule 30(b)(6) deposition, and the Anderson deposition -- to have a meaningful opportunity to challenge Cordis's new-found claim of New Jersey citizenship. Wyeth will continue to work with Cordis to arrive at a mutually acceptable agreement as to discovery, but the schedule proposed by Cordis is simply unreasonable and unacceptable to Wyeth. To ensure that there is enough time to resolve the disputes over jurisdictional discovery, while still permitting a meaningful opportunity for the parties to brief the jurisdiction question to the Court based on a full record, Wyeth believes that justice will best be served by setting a deadline for filing the Opposition based on when discovery has actually concluded. A deadline of 10 days after the conclusion of jurisdictional discovery is, Wyeth submits, appropriate under the circumstances.

As noted above, there are strong reasons to conclude that Cordis's principal place of business has always been and continues to be Florida. Equally, there are strong reasons to doubt Cordis's current assertion that its principal place of business is now New Jersey. By this Motion, Wyeth seeks the opportunity to conduct limited but meaningful discovery of the relevant jurisdictional facts before filing its Answering Brief in Opposition to the Motion to Dismiss. There is good cause to permit that discovery, which seeks only to discern the truth about the

relevant jurisdictional facts.  In that way, when this Court considers the Motion to Dismiss, it

will have the benefit of a full record of all relevant jurisdictional facts, and briefs that address

those facts.

<div style="margin-left: 40%;">

MORRIS, NICHOLS, ARSHT &  TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
rsmith@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Plaintiff*

</div>

OF COUNSEL:

William F. Lee
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Thomas F. Connell
William G. McElwain
Amy Kreiger Wigmore
Tracey C. Allen
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

Original Filing Date:  December 11, 2006

Redacted Filing Date:  December 14, 2006
549191

8

<u>RULE 7.1.1. CERTIFICATE</u>

I hereby certify that the subject of the foregoing motion has been discussed with counsel for defendant and that the parties have not reached agreement.


/s/ Rodger D. Smith II
_____
Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 14, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Renck
> Ashby & Geddes
> rrenck@ashby-geddes.com

I also certify that copies were caused to be served on December 14, 2006 upon the following in the manner indicated:

| **BY HAND** | **BY EMAIL** |
| --- | --- |
| Lawrence C. Ashby | Gregory L. Diskant |
| Steven J. Balick | gldiskant@pbwt.com |
| Richard L. Renck | Michael J. Timmons |
| ASHBY & GEDDES | mjtimmons@pbwt.com |
| 222 Delaware Ave. | Irena Royzman |
| P.O. Box 1150 | iroyzman@pbwt.com |
| Wilmington, DE  19899 | Patrick S. Almonrode |
|  | palmonrode@pbwt.com |
|  | Rosa E. Son |
|  | reson@pbwt.com |
|  | PATTERSON, BELKNAP, WEBB & TYLER LLP |
|  | 1133 Avenue of the Americas |
|  | New York, NY  10036 |

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-663-SLR |
| | ) | |
| CORDIS CORPORATION, a Florida corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of Plaintiff Wyeth's Motion for Extension of Time to File its Opposition to Defendant Cordis Corporation's Motion to Dismiss, IT IS HEREBY ORDERED that:

1.    Plaintiff's Motion is GRANTED;

2.    Plaintiff shall have ten (10) days from the completion of jurisdictional discovery within which to file its Opposition to Defendant's Motion to Dismiss.

_____
Robinson, C.J.

548784

EXHIBIT B

# Viewed and Printed on
# June 5, 2006

Cordis





| About Cordis | Clinical Professionals | Administrative Professionals | Patients | Press Room |

Cordis History

Our Credo

Environmental, Health and Safety Policy

Careers



## About Cordis

### Company Description

For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered less invasive treatments for vascular disease. Technological innovation and a deep understanding of the medical marketplace and the needs of patients have made Cordis the world's leading developer and manufacturer of breakthrough products for interventional medicine, minimally invasive computer-based imaging, and electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment to continue the Company's groundbreaking work in the fight against vascular disease.

### Business Units/Subsidiaries:

Cordis has four business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease management; *Cordis Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neurovascular*, Inc. for neurovascular management of stroke, and *Biosense Webster, Inc.* for electrophysiology and medical sensor technology in cardiovascular procedures.

### Corporate Headquarters:

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

### Executive Officers:

Company Group Chairman, Johnson & Johnson

Worldwide Franchise Chairman, Cordis Corporation:      Rick Anderson

Worldwide President, Cordis Endovascular, Division of Cordis Corporation: Glen Kashuba

General Manager, Cordis Neurovascular, Division of Cordis Corporation:   Jan Keltjens

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of Community Relations at 786-313-2000.

### Website Address:

http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-57     Site Map    Contact Us   Legal Notice   Privacy Policy

# Viewed and Printed on August 9, 2006

Cordis



a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |
|---|---|---|---|

Cordis History
Our Credo
Environmental, Health
and Safety Policy
Careers

## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered
treatments for vascular disease. Technological innovation and a deep understanding of the
marketplace and the needs of patients have made Cordis the world's leading developer and
breakthrough products for interventional medicine, minimally invasive computer-based ima
electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t
Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has four business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease m
*Cordis Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cor*
Inc. for neurovascular management of stroke, and *Biosense Webster, Inc.* for electrophysi
sensor technology in cardiovascular procedures.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**
Company Group Chairman, Johnson & Johnson
Worldwide Franchise Chairman, Cordis Corporation:                    Rick Anderson
Worldwide President, Cordis Endovascular, Division of Cordis Corporation: Glen Kashuba
General Manager, Cordis Neurovascular, Division of Cordis Corporation:   Jan Keltjens

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C
Relations at 786-313-2000.

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-60     Site Map    Contact Us    Legal Notice

# Viewed and Printed on October 27, 2006



a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |

Cordis History
Our Credo
Environmental, Health and Safety Policy
Careers

## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered
treatments for vascular disease. Technological innovation and a deep understanding of the
marketplace and the needs of patients have made Cordis the world's leading developer and
breakthrough products for interventional medicine, minimally invasive computer-based ima
electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t
Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man
*Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu*
for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and
technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme
biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**

| | |
|---|---|
| Company Group Chairman, Johnson & Johnson | |
| Worldwide Franchise Chairman, Cordis Corporation: | Rick Anderson |
| Worldwide President, Cordis Cardiology, Division of Cordis Corporation: | Todd M. Pope |
| Worldwide President, Cordis Endovascular, Division of Cordis Corporation: | Glen Kashuba |
| General Manager, Cordis Neurovascular, Division of Cordis Corporation: | Jan Keltjens |
| Worldwide President, Biosense Webster, Inc.: | Roy Tanaka |

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C
Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-72     Site Map     Contact Us     Legal Notice

# Viewed and Printed on
# November 19, 2006

Cordis


a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |
|---|---|---|---|

Cordis History

Our Credo

Environmental, Health
and Safety Policy

Careers

Cardiology Products

Endovascular Products

Biologics Delivery Systems

**Company Description**

For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered treatments for vascular disease. Technological innovation and a deep understanding of the marketplace and the needs of patients have made Cordis the world's leading developer and breakthrough products for interventional medicine, minimally invasive computer-based ima electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**

Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man *Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu* for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**

| | |
|---|---|
| Company Group Chairman, Johnson & Johnson Worldwide Franchise Chairman, Cordis Corporation: | Rick Anderson |
| Worldwide President, Cordis Cardiology, Division of Cordis Corporation: | Todd M. Pope |
| Worldwide President, Cordis Endovascular, Division of Cordis Corporation: | Glen Kashuba |
| General Manager, Cordis Neurovascular, Division of Cordis Corporation: | Jan Keltjens |
| Worldwide President, Biosense Webster, Inc.: | Roy Tanaka |

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-72    Site Map    Contact Us    Legal Notice

# Viewed and Printed on December 4, 2006



# Cordis.
a Johnson-Johnson company

| About Cordis | Clinical Professionals | Administrative Professionals | Patients |

**Cordis History**

**Our Credo**

**Environmental, Health and Safety Policy**

**Careers**

## About Cordis

**Company Description**
For more than 40 years, Cordis Corporation, a Johnson & Johnson company, has pioneered treatments for vascular disease. Technological innovation and a deep understanding of the marketplace and the needs of patients have made Cordis the world's leading developer and breakthrough products for interventional medicine, minimally invasive computer-based ima electrophysiology. Today, 7,000 Cordis employees worldwide share a strong commitment t Company's groundbreaking work in the fight against vascular disease.

**Business Units/Subsidiaries:**
Cordis has 5 business units/subsidiaries: *Cordis Cardiology* for cardiovascular disease man *Endovascular* for the treatment of peripheral vascular and obstructive diseases; *Cordis Neu* for neurovascular management of stroke, *Biosense Webster, Inc.* for electrophysiology and technology in cardiovascular procedures, and *Cordis Biologics Delivery Systems* in the eme biologics delivery.

**Corporate Headquarters:**

Cordis Corporation
14201 N.W. 60th Avenue
Miami Lakes, FL 33014

**Executive Officers:**

| | |
|---|---|
| Company Group Chairman, Johnson & Johnson | |
| Worldwide Franchise Chairman, Cordis Corporation: | Rick Anderson |
| Worldwide President, Cordis Cardiology, Division of Cordis Corporation: | Todd M. Pope |
| Worldwide President, Cordis Endovascular, Division of Cordis Corporation: | Glen Kashuba |
| General Manager, Cordis Neurovascular, Division of Cordis Corporation: | Jan Keltjens |
| Worldwide President, Biosense Webster, Inc.: | Roy Tanaka |

Cordis Corporation Charitable Contributions Request Form
If you have any questions, please contact the Human Resources Department, Director of C Relations at 786-313-2000.

Cordis California Compliance Policy (Cardiology and Endovascular)

Cordis Neurovascular California Compliance Policy

**Website Address:**
http://www.cordis.com

© Cordis Corporation 2002 - 2006, 155-1805-74      Site Map      Contact Us      Legal Notice

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, a Delaware corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) C.A. No. 06-663 (SLR) |
| | ) |
| CORDIS CORPORATION, a Florida corporation, | ) |
| | ) |
| Defendant. | ) |

## **PLAINTIFF WYETH'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Wyeth hereby requests that Defendant Cordis Corporation ("Cordis") produce for inspection and copying at the offices of Morris, Nichols, Arsht & Tunnell LLP, on or before January 4, 2007, or such earlier date as Cordis agrees, the documents described below:

### **DEFINITIONS AND INSTRUCTIONS**

Unless the context otherwise indicates, the following words and phrases are defined and used herein as follows:

1.    "Cordis" means Cordis Corporation, but unless otherwise stated, it does not include Cordis's corporate parent nor any wholly-owned subsidiaries of Cordis.

2.    "Johnson & Johnson" means Johnson & Johnson, Inc.

3.    "Document" means written, printed, typed, or visually or orally reproduced material of any kind, whether or not privileged, including but not limited to any and all letters, correspondence, contracts, agreements, bills, orders, receipts, records, books, electronically stored information, memoranda, notes, notebooks, maps, sketches, cablegrams,

telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, videotapes, other tape recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof in the possession, custody, or control of Cordis.

4.      A document "relating" or "related" to a given subject matter means any document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation documents concerning the presentation of other documents.

5.      Whenever it is necessary to bring with the scope of these Requests information, communications, or documents that otherwise might be construed to be outside their scope, (a) the use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (b) the use of a word in its singular form shall be construed to include within its meaning its plural form as well, and vice versa; and (c) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

6.      If in responding to these Document Requests you encounter any ambiguity in construing either the request, or a definition or instruction related thereto, please construe such request as requiring the fullest disclosure of relevant information, and not as limiting disclosure.

7.      These Document Requests are continuing in character.  Please provide additional, amended responses promptly whenever you obtain further or different information needed to make your responses complete and accurate.

8.      If any document covered by these Requests is no longer in the possession, custody or control of Cordis, or no longer exists, please respond by identifying such document,

2

describing the document to the best of Cordis's knowledge, and stating the present location of such document and/or its last known location.

        9.    If any privilege is claimed as to any document requested herein, please:

        a.    state the name of the privilege claimed (e.g., attorney-client, work product);

        b.    state the name of the attorney, if any, with respect to whom the privilege is claimed;

        c.    state the facts upon which Cordis relies as to the basis for claiming the privilege as to the specific document;

        d.    state the date of the document; and

        e.    identify the type of document (e.g., letter, memorandum), each person who prepared it and each person (if any) who signed it; each person to whom it was directed, circulated, or shown; and each person now in possession of the document.

3

## REQUEST FOR DOCUMENTS

### REQUEST NO. 1

Documents sufficient to identify the location of Cordis's Corporate Headquarters.

### REQUEST NO. 2

All documents prepared by or on behalf of Cordis since 2000 describing the location of Cordis's Corporate Headquarters as being in Florida.

### REQUEST NO. 3

All documents prepared by or on behalf of Cordis since 2000 describing the location of Cordis's Corporate Headquarters as being in New Jersey.

### REQUEST NO. 4

All documents prepared by or on behalf of Cordis since 2000 describing Cordis's principal place of business as Florida.

### REQUEST NO. 5

All documents prepared by or on behalf of Cordis since 2000 describing Cordis's principal place of business as New Jersey.

### REQUEST NO. 6

Documents sufficient to determine the number and location of all Cordis employees, and their general job descriptions and duties.

### REQUEST NO. 7

All documents constituting or relating to organizational charts of Cordis, from 2000 to the present.

4

**REQUEST NO. 8**

Documents sufficient to determine the location of each of Cordis's offices, facilities, manufacturing and production sites, operations and affiliated companies, and with respect to each such office, facility, manufacturing and production site, operation or affiliated company:

(a)     the employment responsibilities and duties of Cordis employees working at that location;

(b)     the number of employees at that location;

(c)     the payroll amount on an annual basis for all employees at that location;

(d)     the amount (in dollars) of annual revenues and sales generated at that location;

(e)     the dollar value of the inventory at that location; and

(f)     the value of real estate and/or tangible property at that location.

**REQUEST NO. 9**

Documents sufficient to determine the number, title, responsibilities and locations of all executives, managers and supervisory personnel at Cordis at any level below that of the Cordis Franchise Global Management Board.

**REQUEST NO. 10**

Documents sufficient to determine the number of Cordis's U.S. employees who are exempt from the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), and as to those employees, their geographic location and the nature of their duties.

**REQUEST NO. 11**

Documents sufficient to determine the location and book value of all real property, tangible property, and other assets currently owned by Cordis.

**REQUEST NO. 12**

Documents sufficient to determine the amount of taxes paid by Cordis (or on Cordis's behalf), during each of the years 2000 to the present, to each state or local government entity or taxing or regulatory authority based on the value of real property, tangible property or other assets owned by Cordis.

**REQUEST NO. 13**

For each year from 2000 to the present, all tax returns filed by Cordis with any state or local tax or regulatory authority within the States of Florida and New Jersey.

**REQUEST NO. 14**

Documents sufficient to determine the physical location, staffing and functions of all departments within Cordis, including without limitation the number and location of all employees within the following departments:

      (a)     Research and engineering, or its equivalent;

      (b)     Medical Affairs, or its equivalent;

      (c)     Clinical Affairs, or its equivalent;

      (d)     Regulatory Affairs, or its equivalent;

      (e)     Sales, or its equivalent;

      (f)     Marketing, or its equivalent;

      (g)     Human Resources, or its equivalent;

      (h)     Finance and accounting, or its equivalent;

    (i)     Public Relations, or its equivalent; and

    (j)     Personnel, or its equivalent.

## REQUEST NO. 15

Documents sufficient to determine the location of each of Cordis's bank accounts, and the average annual balance within them, during each of the years from 2000 to the present.

## REQUEST NO. 16

All documents constituting, containing or relating to any representation or similar statement (including without limitation representations and/or statements made to courts, to parties in litigation, to governments or government regulatory agencies, and/or to private parties) made by Cordis since 1996 about the location of its principal place of business.

## REQUEST NO. 17

Documents sufficient to describe the relationship between Cordis and its parent corporation Johnson & Johnson, and to determine the extent to which Johnson & Johnson exercises control and decision-making authority over Cordis, including over the day-to-day conduct of Cordis's business.

## REQUEST NO. 18

Documents sufficient to determine the names, titles, and positions of all Cordis employees who are also jointly employed by Johnson & Johnson, or who otherwise serve in a joint capacity with both Johnson & Johnson and Cordis.

## REQUEST NO. 19

Documents sufficient to determine the employer of each current member of the Cordis Franchise Global Management Board, and as to each such Board member,

    (a)     the dates of his employment;

7

      (b)    the dates of his service as a Board member; and

      (c)    the geographic location of his office during those periods.

## REQUEST NO. 20

Documents sufficient to determine the names and locations of all Cordis subsidiary corporations and affiliates, and the number and locations of all employees of each such corporation or affiliate.

## REQUEST NO. 21

Documents constituting the current version of Cordis's corporate charter and by-laws.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Jack B. Blumenfeld_

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Plaintiff Wyeth*

Of Counsel:

William F. Lee
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Thomas F. Connell
William G. McElwain
Amy Kreiger Wigmore
Tracey C. Allen
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

December 5, 2006

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing was served on

December 5, 2006 upon the following and in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Lawrence C. Ashby, Esq.
Steven J. Balick, Esq.
Richard L. Renck, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

### BY E-MAIL

Gregory L. Diskant, Esq.
Michael J. Timmons, Esq.
Irena Royzman, Esq.
Patrick S. Almonrode, Esq.
Rosa E. Son, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com