IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-663-SLR |
| | ) |
| CORDIS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to approval and order of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), by and between counsel for the parties, that the following Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material"), and also shall govern the filing of certain information under seal and certain other matters in connection with this Litigation.

1. Any party or non-party who provides or has provided information or material (the "Designating Party") to any party in connection with this Litigation (the "Receiving Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Stipulated Protective Order only if the Designating Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information

that requires the protections provided in this Stipulated Protective Order ("Confidential Discovery Material").

    2.    For purposes of this Stipulated Protective Order, and without such agreement that such materials are in fact confidential, materials that may be designated as "CONFIDENTIAL" include, but are not limited to, materials containing the following information:

    (a)    Non-public financial statements, financial projections or other non-public financial data;

    (b)    Confidential business information including trade secrets or other confidential research, know-how, designs, software, business strategies, customer lists, and the like;

    (c)    Non-public information relating to proposed strategic transactions or other business combinations;

    (d)    Non-public studies, analyses or reports by internal or outside consultants or experts such as accountants; and

    (e)    Personal financial information, including tax returns; or

    (f)    Any other confidential commercially sensitive technical or non-technical information.

Notwithstanding the foregoing, Confidential Discovery Material shall not mean information or documents produced or disclosed that are or become, without violating this Stipulated Protective Order, and apart from production or disclosure in connection with the Litigation, a matter of public record or publicly available by law or otherwise.

    3.    Except as may otherwise be agreed in writing by the Designating Party or its counsel or as may otherwise be ordered by the Court, any Discovery Material designated as "CONFIDENTIAL," whether such information is provided orally or by a document or in

electronic form, shall be maintained as set forth herein, and shall not be disclosed to any person or entity, except as set forth herein.

4. All Discovery Material, whether or not filed with the Court, that contains or makes reference to Confidential Discovery Material for which the Designating Party seeks protection under this Stipulated Protective Order shall be designated as "CONFIDENTIAL" as follows:

(a) Documents or other tangible Discovery Material shall, at the time of their production, be so designated by stamping or labeling the same with the legend "CONFIDENTIAL" on each page containing any Confidential Discovery Material.

(b) Documents or other tangible Discovery Material produced by a non-party to the Litigation shall be so designated by the Designating Party providing written notice, as soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if any, for the non-party who produced such Documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "CONFIDENTIAL."

(c) Deposition or other testimony shall be designated "CONFIDENTIAL" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all Parties within ten (10) business days after receiving a copy of the transcript thereof, identifying the specific pages thereof designated as "CONFIDENTIAL." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "CONFIDENTIAL" be affixed to the portions of the original and all copies of the transcript containing any confidential information. Only those portions of the transcripts designated as "CONFIDENTIAL" in this Litigation shall be deemed Confidential Discovery Material. During the ten (10) business days after the transcript is

released, all deposition transcripts shall be treated as confidential to allow counsel sufficient opportunity to make such a designation. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions or otherwise by written stipulation, without further order of the Court.

   (d) Non-documentary and non-testimonial material, such as oral statements, shall be so designated orally at the time of disclosure and promptly confirmed in writing.

  5. Inadvertent failure to designate Discovery Material as "CONFIDENTIAL" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "CONFIDENTIAL" in a manner consistent with paragraph 4. The Party or non-party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "CONFIDENTIAL" and such materials shall be fully subject to this Stipulated Protective Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "CONFIDENTIAL" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Stipulated Protective Order and prevent further disclosures except as authorized under the terms of this Stipulated Protective Order.

  6. Except as may otherwise be agreed in writing by the Designating Party or its counsel or as may otherwise be ordered by the Court, all Discovery Material marked or otherwise identified as "CONFIDENTIAL" and received by any of the Parties to the Litigation, or by any other person receiving information pursuant to this Stipulated Protective Order, and not otherwise available to the Parties, (a) shall be used solely for the purposes of preparation for and conducting the litigation and trial of this action or any appeal therefrom; and (b) shall not be

used for any other purposes, including, without limitation, any legal, business or commercial purpose.

7. Discovery Material designated "CONFIDENTIAL" and/or any information derived therefrom may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following, all of whom (with the exception of subparagraphs (d) and (f)) shall be subject to the terms of this Stipulated Protective Order as a condition to their receipt of such Confidential Discovery Material:

(a) Outside Counsel to the Parties, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

(b) Up to six members of a Party's in-house counsel (whose names are listed below), as well as paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

For Wyeth:

(1) David Manspeizer, Esq.;
(2) Susan Lee, Esq.;
(3) Ryan Walsh, Esq.;
(4) Thomas Szatkowski, Esq.;
(5) Arthur Cohn, Esq. and
(6) Lawrence Stein, Esq.;

For Cordis Corporation:

    (1)    Eric I. Harris, Esq.;

    (2)    Theodore Van Itallie, Esq.;

    (3)    Paul A. Coletti, Esq.;

    (4)    Philip S. Johnson, Esq.;

    (5)    Russell C. Deyo, Esq. and

    (6)    Eric S. Roth, Esq.

(c) Outside experts or consultants retained in connection with this action to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, with disclosure only to the extent necessary to perform such work, subject to the provisions of paragraph 8;

(d) The Court and any of its staff and administrative personnel, and persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(e) An individual who has prepared, received, or reviewed the "CONFIDENTIAL" material independent of the discovery proceedings in this Litigation or has prepared, received, or reviewed the "CONFIDENTIAL" material in the ordinary course of the parties' business relationship, as demonstrated by the "CONFIDENTIAL" material itself or foundation testimony elicited during a deposition or trial; and

(f) Any other person only upon order of the Court or upon stipulation of the Designating Party.

8. Before individuals under subparagraph 7(c) may have access to Discovery Materials designated "CONFIDENTIAL," the Receiving Party must submit to the Designating Party a signed Affidavit of Compliance, in the form attached hereto as Exhibit A, as well as the

expert's or consultant's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience. If the Designating Party does not object in writing within ten (10) business days from receipt of the Affidavit of Compliance, setting forth the specific grounds for the objection, Discovery Materials designated "CONFIDENTIAL" may then be disclosed to the consultant or expert. If a timely objection is made, the parties shall attempt in good faith to resolve the issue. If the issue cannot be resolved, the Designating Party has fifteen (15) business days from receipt of the Affidavit of Compliance to file a motion to preclude the consultant or expert from viewing the Designating Party's Confidential Discovery Materials. If the Designating Party does not file such a timely motion, Discovery Materials designated "CONFIDENTIAL" may be disclosed to the consultant or expert. Pursuant to this paragraph, the disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product. Furthermore, the parties agree that by stipulating to the entry of this Stipulated Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

9. Any non-party to this Litigation may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Stipulated Protective Order.

10. If a party wishes to use any Discovery Materials designated "CONFIDENTIAL," or any papers containing or making reference to the contents of such Confidential Discovery Material, in any brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing"), such a Filing shall plainly state on the first page of any bound or stapled

7

document "CONFIDENTIAL – FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

11. Nothing in this Stipulated Protective Order shall be deemed to prevent either side from introducing any documents or Discovery Material designated "CONFIDENTIAL" into evidence at the trial of this Action, or from using any information contained in CONFIDENTIAL Discovery Materials at the trial of this Action.

12. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no Party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel. The Party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production.

13. At any time after the designation of Discovery Material as "CONFIDENTIAL" counsel for the Party receiving such Discovery Material may challenge the confidential

designation of any such Discovery Material (or portion of such Discovery Material) by providing to counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other items of information challenged and setting forth the reasons for such challenge. In the event that counsel for the Designating Party does not agree to withdraw its claim of confidentiality, counsel for the Designating Party shall have seven (7) business days from receipt of the notice in which to seek a protective order from the Court with respect to the Discovery Material at issue. The burden shall be on the Designating Party to justify the designation of the Discovery Material as "CONFIDENTIAl." All challenged Discovery Material for which a protective order is not sought within this seven (7) business day period shall thereafter not be accorded confidential treatment under the terms of this Stipulated Protective Order, unless and until otherwise ordered by the Court. This seven (7) business day period may be extended by order of the Court or by written agreement of the Parties' counsel. The confidential status of the Discovery Material at issue shall be maintained until final ruling by the Court on any application for protective order (including the final resolution of any interlocutory appeal from any such ruling).

14.   Entering into, agreeing to, producing, or receiving Confidential Discovery Material pursuant to, and/or otherwise complying with the terms of, this Stipulated Protective Order, or the taking of any action hereunder shall not:

(a)   Constitute or operate as an admission by any Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret, proprietary or commercially sensitive information or any other type of confidential information;

(b)   Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the

9

restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

(c) Prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Stipulated Protective Order, or otherwise constitute or operate as an admission by any Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

(d) Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulated Protective Order;

(e) Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information; and/or

(f) Prevent the Parties to this Stipulated Protective Order from agreeing, in writing, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

15. This Stipulated Protective Order has no effect upon, and shall not apply to, the Parties' use or disclosure of their own Confidential Information for any purpose. Nothing in this Stipulated Protective Order shall be deemed to prevent a party from:

(a) Disclosing its own "CONFIDENTIAL" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or

(b) Using or disclosing documents, materials, or information designated "CONFIDENTIAL" if such documents, materials, or information were both lawfully obtained by

and lawfully retained in the possession of such Party independently of the discovery proceedings in this Litigation.

16. Any third party producing documents or other information that he or she considers to be confidential may become a signatory to and subject to the terms and conditions of this Stipulated Protective Order by signing a copy hereof.

17. In the event additional persons or entities become Parties to the Litigation, they and their counsel, or experts or consultants retained to assist said counsel, shall not have access to Confidential Discovery Material produced by or obtained from any other producing person until said Party has executed and filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

18. It is the present intention of the Parties that the provisions of the Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order, or relief therefrom, by application to the Court on notice to the other Parties hereto.

19. The Parties agree to be bound by the terms of this Stipulated Protective Order pending the entry of this Stipulated Protective Order, or an alternative thereto that is satisfactory to all Parties, by the Court, and violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulated Protective Order had been entered by the Court.

20. The provisions of this Stipulated Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within forty-five (45) days after receiving notice of the entry of an order, judgment, or decree finally disposing of any Litigation in which "CONFIDENTIAL" Discovery Material is permitted

to be used, including the exhaustion of all permissible appeals, all persons and entities having received "CONFIDENTIAL" Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "CONFIDENTIAL" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all Filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "CONFIDENTIAL" by any Party or non-party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

21.   If a Receiving Party covered by this Stipulated Protective Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Litigation, seeking Discovery Material that was produced or designated as "CONFIDENTIAL" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within two (2) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiving Party shall not produce any of the Designating Party's "CONFIDENTIAL" Discovery Material, until the Receiving Party gives notice to the Designating Party and the Designating Party has had a reasonable opportunity to object to the production. The Designating Party shall be solely responsible for asserting any objection to the

requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of "CONFIDENTIAL" Discovery Material covered by this Stipulated Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

22. Willful violation by any person of any term of this Stipulated Protective Order shall be punishable as a contempt of court. No provision of this Stipulated Protective Order shall require any person, corporation, or other entity not a Party to this Litigation to respond to any discovery request, except as may otherwise be required by law.

23. Any Party seeking enforcement of this Stipulated Protective Order against any other Party may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Litigation, including a concise statement of the specific relief sought.

24. This Stipulated Protective Order is subject to revocation or modification by order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | ASHBY & GEDDES |
|---|---|
| */s/ Richard J. Bauer* | */s/ Richard L. Renck* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Richard J. Bauer (#4828)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200 | Lawrence C. Ashby (#468)<br>Steven J. Balick (#2114)<br>Richard L. Renck (#3893)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 |
| - and – | - and - |
| WILMER CUTLER PICKERING HALE<br>   And DORR LLP<br>William F. Lee<br>60 State Street<br>Boston, MA 02109 | PATTERSON, BELKNAP, WEBB<br>& TYLER LLP<br>Gregory L. Diskant<br>Michael J. Timmons<br>Irena Royzman<br>1133 Avenue of the Americas<br>New York, New York 10036<br>212-336-2000 |
| WILMER CUTLER PICKERING HALE<br>   And DORR LLP<br>Thomas F. Connell<br>William G. McElwain<br>Amy Kreiger Wigmore<br>Tracey C. Allen<br>1875 Pennsylvania Avenue, NW<br>Washington DC 20006 | *Attorneys for Defendant Cordis Corporation* |
| *Attorneys for Plaintiff Wyeth*<br>677299.3 | |

SO ORDERED this ____ day of _____, 2007,

_____
                            Chief Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA. No. 06-663-SLR |
| | ) | |
| CORDIS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AFFIDAVIT OF COMPLIANCE</u>**

STATE OF _____ )
                                ) ss.
COUNTY OF _____ )

_____, being first duly sworn, deposes as follows:

1.    I have read and understand the Stipulated Protective Order entered in the above captioned action (the "Litigation"), a copy of which is attached hereto.

2.    I affirm that I am qualified under Paragraph 7 of the Stipulated Protective Order to receive access to the Discovery Material (as that term is defined in the Stipulated Protective Order) identified or otherwise marked as "CONFIDENTIAL."

3.    Except as otherwise provided in the Stipulated Protective Order, I shall use any Discovery Material that I receive that is identified or otherwise marked "CONFIDENTIAL" solely for the purposes of preparation for and trial of the Litigation or any appeal therefrom, and

shall not use such Discovery Material for any other purpose, including, without limitation, any business or commercial purpose.

4. I will disclose and discuss any Discovery Material that I receive that is identified or otherwise marked "CONFIDENTIAL" only with those persons to whom confidential documents and information may be disclosed in accordance with the terms of the Stipulated Protective Order. In this regard I am aware of the notice requirements of the Stipulated Protective Order and anticipate that any issues raised thereby will be addressed by the Court. I will not divulge or make accessible to any other person, or any news entity, governmental agency, or other entity whatsoever any Discovery Material that I receive that is identified or otherwise marked "CONFIDENTIAL," except in compliance with the Stipulated Protective Order and this Affidavit of Compliance.

5. I agree to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of such Discovery Material identified or otherwise marked as "CONFIDENTIAL" under the Stipulated Protective Order.

6. I understand that I will be reviewing and receiving copies of documents, transcripts, or other information that have been identified or otherwise marked "CONFIDENTIAL" because their relevance to competitors of the Parties that so designated them could cause commercial or business injury, and that if disclosure or release thereof to any such competitors occurs through my fault, I could be held liable for damages.

7. I agree that upon the final termination of the Litigation, I shall return any Discovery Material identified or otherwise marked as "CONFIDENTIAL" that may be in my possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information), to the attorney from whom I received such

documents and materials.  In lieu of return of such documents and materials, I may deliver to the attorney from whom I received such documents or materials an affidavit that such materials have been destroyed.

8.	I hereby submit to the jurisdiction of the U.S. District Court for the District of Delaware for purposes of enforcement of the Stipulated Protective Order.


DATED this _____ day of _____, 2007.


                                     _____
                                             **[AFFIANT]**


SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2007.


_____
Notary Public of the

State of _____

My Commission Expires: