IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,

               Plaintiff,

        v.

CORDIS CORPORATION,

               Defendant.

C.A. No. 06-663-SLR

**REDACTED VERSION**

**REPLY BRIEF IN SUPPORT OF CORDIS' MOTION TO DISMISS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) OR, IN THE ALTERNATIVE,
TO DISMISS OR STAY THIS ACTION PENDING RESOLUTION OF THE
CO-PENDING ACTION IN THE DELAWARE COURT OF CHANCERY**

*Of Counsel*:

Gregory L. Diskant
Michael J. Timmons
Irena Royzman
Patrick Almonrode
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

Lawrence C. Ashby  (I.D. #468)
Steven J. Balick  (I.D. #2114)
Richard L. Renck  (I.D. #3893)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 654-1888

*Attorneys for Defendant
Cordis Corporation*

Dated:  February 23, 2007

**TABLE OF CONTENTS**

                                                                                    Page

TABLE OF AUTHORITIES .................................................................................................ii

INTRODUCTION .............................................................................................................1

ARGUMENT ....................................................................................................................2

    A.    Cordis Corporation's Principal Place of Business is in New Jersey ......................2

        1.    This Court Must Look at the Principal Place of Business of
                Cordis Corporation, Not Cordis Cardiology ............................................2

        2.    Cordis Corporation, Like U.S. Steel, is a Global Corporation ..................4

        3.    The Test Articulated in Kelly Controls the Principal
                Place of Business of Cordis Corporation .................................................6

        4.    **REDACTED**
                ................................................................................................................8

    B.    This Court Should Dismiss or Stay Wyeth's Complaint in
        Favor of the Delaware Court of Chancery Suit ...................................................10

CONCLUSION ................................................................................................................15

## TABLE OF AUTHORITIES

Page

Beach v. KDI Corp.,
    490 F.2d 1312 (3d Cir. 1974) ............................................................... 13

Breitman v. May Co. California,
    37 F.3d 562 (9th Cir. 1994) ................................................................... 3

Brillhart v. Excess Ins. Co. of America,
    316 U.S. 491 (1942) .............................................................................. 10

Bruesewitz v. Wyeth, Inc.,
    2006 WL 782437 (E.D. Pa. Mar. 27, 2006) ..................................... 2, 3

Clinton v. Budd Co.,
    543 F. Supp. 226 (D. Mich. 1982) ....................................................... 7

Coltec Indus., Inc. v. Continental Ins. Co.,
    2005 WL 1126951 (E.D. Pa. May 11, 2005) .................................. 11, 13

Danjaq, S.A. v. Pathe Comm'n Corp.,
    979 F.2d 772 (9th Cir. 1992) ................................................................. 6

Franklin Commons East P'ship v. Abex Corp.,
    997 F. Supp. 585 (D.N.J. 1998) ..................................................... 11, 13

Holly Farms Corp. v. Taylor,
    722 F. Supp 1152 (D. Del. 1989) .......................................................... 6

ITT Indus., Inc. v. Pacific Employers Ins. Co.,
    427 F. Supp. 2d 552 (E.D. Pa. 2006) .............................. 10, 11, 12 , 13

Kelly v. U.S. Steel Corp.,
    284 F.2d 850 (3d Cir. 1960) ................................................... 3, 4, 7, 9

Lackawanna Refuse Removal, Inc. v. Proctor and Gamble Paper Prods. Co.,
    86 F.R.D. 330 (M.D. Pa. 1979) ............................................................ 3

Lancer Indus., Inc. v. American Ins. Co.,
    197 F. Supp. 894 (W.D. La. 1961) ....................................................... 7

Lexington Ins. Co. v. Rolison,
    434 F. Supp. 2d 1228 (S.D. Ala. 2006) ............................................... 11

ii

TABLE OF AUTHORITIES
(continued)

Page

Lugo-Vina v. Pueblo Int'l, Inc.,
    574 F.2d 41 (1st Cir. 1978)........................................................................ 6

Mears v. McNeil-PPC, Inc.,
    1995 WL 684862 (E.D. Pa. Nov. 15, 1995) ......................................... 3

Mennen Co. v. Atlantic Mut. Ins. Co.,
    147 F.3d 287 (3d Cir. 1998) ............................................................... 6, 9

National Union Fire Ins. Co. of Pittsburgh v. Freeport-McMoran, Inc.,
    767 F. Supp. 568 (D. Del. 1991)........................................................... 14

Pyramid Sec. Ltd. v. IB Resolution, Inc.,
    924 F.2d 1114 (D.C. Cir. 1991)............................................................ 6

Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.,
    461 F.2d 1140 (3d Cir. 1972) ............................................................... 6

Royal Indemnity Co. v. Apex Oil Co.,
    2006 WL 2460791 (E.D. Mo. Aug. 23, 2006)...................................... 11

Sanzo v. Elk Mountain Ski Resort, Inc.,
    2000 WL 1448815 (E.D. Pa. Sept. 28, 2000)...................................... 11

Schwartz v. Electronic Data Sys., Inc.,
    913 F.2d 279 (6th Cir. 1990) ............................................................ 3, 7

St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc.,
    419 F.Supp. 2d 620 (D. Del. 2006)...................................................... 11

State Auto Ins. Co. v. Summy,
    234 F.3d 131 (3d Cir. 2001) ............................................................... 14

Terra Nova Ins. Co. v. 900 Bar, Inc.,
    887 F.2d 1213 (3d Cir. 1989) ............................................................. 10

Textron Elec., Inc. v. Unholtz-Dickie Corp.,
    193 F. Supp. 456 (D. Conn. 1961) ....................................................... 7

The Scully Co. v. OneBeacon Ins. Co.,
    2004 WL 1166594 (E.D. Pa. May 24, 2004)................................... 11, 13

iii

## TABLE OF AUTHORITIES
(continued)

Page

U.S. Surgical Corp. v. Litvack,
   1999 WL 33220034 (D. Del. Dec. 30, 1999) ............................................................ 13

Wilton v. Seven Falls Co.,
   515 U.S. 277 (1995)........................................................................................................ 10

Zivitz v. Greenberg,
   1999 WL 262132 (N.D. Ill. Apr. 9, 1999) ............................................................... 11

## INTRODUCTION

This is Cordis' reply brief in support of its motion to dismiss for lack of diversity jurisdiction or, in the alternative, to dismiss or stay in favor of the co-pending Court of Chancery Action (Civil Action No. 2504-N).

Wyeth brought this case in a rush to the courthouse hours after meeting with Cordis in an attempt to settle the differences between the parties. Wyeth, a citizen of New Jersey, sued in this Court despite the lack of diversity between the parties. In an attempt to rebut the claim that Cordis Corporation's principal place of business is in New Jersey, Wyeth improperly focuses on a single division of Cordis Corporation, the Cardiology division, to the exclusion of the entirety of Cordis Corporation. In fact, Cordis Corporation is a large and diverse entity whose day-to-day business is controlled            REDACTED
from New Jersey. Under the controlling Kelly test, both Cordis and Wyeth are citizens of New Jersey.

Even if this Court has subject matter jurisdiction, the case should be dismissed or stayed in favor of the Court of Chancery Action in light of Supreme Court (Brillhart, Wilton) and Third Circuit (Terra Nova) precedent that directs district courts against assuming jurisdiction over declaratory judgment cases where the dispute does not implicate federal law.

Wyeth argues that Brillhart does not apply when the declaratory judgment action also happens to include a request for injunctive relief or damages. In fact, courts in the Third Circuit apply Brillhart to situations where, as here, the declaratory judgment action is the heart of the action and the other requested relief is dependent on the outcome of the declaratory action.

## ARGUMENT

### A. Cordis Corporation's Principal Place of Business is in New Jersey

#### 1. This Court Must Look at the Principal Place of Business of Cordis Corporation, Not Cordis Cardiology

The defendant in this case is Cordis Corporation. It is not Cordis Cardiology, which is an unincorporated division of Cordis Corporation. Wyeth's argument that Cordis Corporation has its principal place of business in Florida is premised on the position that the Cordis Cardiology division is based in Miami Lakes, Florida. D.I. 24, Wyeth Br. at 1-2, 7, 13. Wyeth argues that the Court should focus on the location of Cordis Corporation's dominant division, Cordis Cardiology, to establish Cordis Corporation's citizenship for diversity purposes. This approach is incorrect, as Wyeth well knows.

In a recent case where a litigant relied on the location of an unincorporated division of Wyeth to establish citizenship for diversity purposes, Wyeth accurately identified the flaws in that argument. In Bruesewitz v. Wyeth, Inc., 2006 WL 782437 (E.D. Pa. Mar. 27, 2006), plaintiffs argued that the principal place of business of Wyeth, Inc. was Pennsylvania based on the location of Wyeth Pharmaceutical, an unincorporated (albeit dominant) division of Wyeth, Inc. In response, Wyeth correctly explained that the location of an unincorporated division cannot be used to establish jurisdiction:

> The locations of the headquarters of unincorporated divisions have no jurisdictional significance. Courts have consistently established that a division is not by law considered a separate entity for the purpose of determining diversity jurisdiction. A corporation's citizenship for diversity purposes cannot be based upon the location of an unincorporated, albeit dominant, division of a company.

Ex. 1 at 8-9 (emphasis in the original; citations omitted).

The court in <u>Bruesewitz</u> accepted Wyeth's argument that a litigant cannot rely on the location of an unincorporated division, even a dominant unincorporated division, to establish diversity jurisdiction:

> Plaintiffs' argument that this Court should find Pennsylvania to be Wyeth's principal place of business because Wyeth Pharmaceuticals [sic] is headquartered in Pennsylvania wholly fails. . . . Here, because Wyeth Pharmaceutical is an unincorporated division, it simply is not determinative as to <u>Wyeth Inc.'s</u> principal place of business.

<u>Bruesewitz</u>, 2006 WL 782437, at *3, fn. 1 (emphasis in original); <u>see also</u> <u>Mears v. McNeil-PPC, Inc.</u>, 1995 WL 684862, at *1 (E.D. Pa. Nov. 15, 1995) ("citizenship of a corporation for diversity purposes cannot be based upon the location of an unincorporated division of a company"); <u>Breitman v. May Co. California</u>, 37 F.3d 562, 564 (9th Cir. 1994); <u>Schwartz v. Electronic Data Sys., Inc.</u>, 913 F.2d 279, 284 (6th Cir. 1990); <u>Lackawanna Refuse Removal, Inc. v. Proctor and Gamble Paper Prods. Co.</u>, 86 F.R.D. 330, 334 (M.D. Pa. 1979).

Wyeth argued that instead of looking to the location of the "dominant" unincorporated division, the <u>Bruesewitz</u> court should concentrate on "the <u>corporation's</u> 'headquarters of day-to-day corporate activity and management.'" Ex. 1 at 5-6 (citing <u>Kelly v. U.S. Steel Corp.</u>, 284 F.2d 850, 853 (3d Cir. 1960)) (emphasis added). Under the <u>Kelly</u> test, Wyeth relied on the location of its Principal Corporate Officers to argue that the primary place of business of Wyeth, Inc. was in New Jersey. Ex. 1 at 6-7. The <u>Bruesewitz</u> court agreed: "it is clear that New Jersey is home to Wyeth's headquarters of day-to-day corporate activities and management decisions, the most important of the <u>Kelly</u> factors." <u>Bruesewitz</u>, 2006 WL 782437, at *3.

Turning to the instant case, Wyeth's strategy – to tease out a single division of a larger entity and ignore the true locale of the control over the day-to-day activities of that larger

entity – is not supported by the Kelly case or its progeny and should be rejected, as it was in Bruesewitz.

### 2. Cordis Corporation, Like U.S. Steel, is a Global Corporation

In Kelly, the Third Circuit was faced with the question of the citizenship of U.S. Steel, which was a "giant" company with fourteen divisions and eleven subsidiaries. It had manufacturing activities spread across the country and the world. Kelly, 284 F.2d at 853.

Like U.S. Steel, Cordis Corporation is a large, diverse company with a number of subsidiaries and affiliated companies, with manufacturing plants and facilities spread out across the world.

**REDACTED**

---
[1]

**REDACTED**

1348450v1

REDACTED

3.    **The Test Articulated in Kelly Controls the**
**Principal Place of Business of Cordis Corporation**

Under the Kelly test, the question is where the center of the entire corporation's day-to-day corporate activity and management lies. Wyeth tries artificially to constrain this analysis by arguing (1) that Cordis Corporation's subsidiaries "are separately incorporated and cannot be considered in determining the principal place of business of *Cordis*" (Wyeth Br. at 7 (emphasis in the original)); and (2) Cordis' Franchise Global Management Board is therefore irrelevant because it controls Cordis Corporation along with its subsidiaries and affiliated companies. Id. at 20.

This analysis is incorrect. The Kelly test controls and it looks to all of the corporation's day-to-day activities, those of the divisions as well as its subsidiaries. Wyeth cites cases that stand for the proposition that a parent's principal place of business is legally distinct from that of a subsidiary and the principal place of business of the subsidiary, when it is a litigant, is analyzed separately from the parent. Id. at 20, fn. 23; see Danjaq, S.A. v. Pathe Comm'n Corp., 979 F.2d 772, 775 (9th Cir. 1992); Pyramid Sec. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1120 (D.C. Cir. 1991); Lugo-Vina v. Pueblo Int'l, Inc., 574 F.2d 41, 43-44 (1st Cir. 1978); Holly Farms Corp. v. Taylor, 722 F. Supp 1152, 1161 (D. Del. 1989).

These cases rely on the general assumption that "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142 (3d Cir. 1972) (citing 1 Moore's Fed. Practice 717.10, §0.77 [1-2]); see also Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287, 293 fn. 7 (3d Cir. 1998) (the fact that parents and subsidiaries each have their own principal places of business is an "unremarkable proposition").

6

1348450v1

These cases do not, however, stand for the proposition that, in analyzing the activities of a corporation, its subsidiaries are utterly irrelevant.

> The defendants argue that the activities of subsidiaries cannot properly be considered as a part of the business carried on outside of the State of Connecticut. But it is certainly a part of the business of the plaintiff, as the parent corporation, to vote the shares of its wholly owned subsidiary and in doing so it must have a determining voice in establishing and overseeing its vital operations and functions.

Textron Elec., Inc. v. Unholtz-Dickie Corp., 193 F. Supp. 456, 459 (D. Conn. 1961); see also Clinton v. Budd Co., 543 F. Supp. 226, 229-30 (D. Mich. 1982); Lancer Indus., Inc. v. American Ins. Co., 197 F. Supp. 894, 898-99 (W.D. La. 1961) (citing Kelly).

The reality of modern commerce is that corporations that do business on a global scale have subsidiaries and affiliated companies. For diversity purposes, all must be considered:

> Congress in 1958 amended the diversity provision to expand the notion of corporate citizenship. ...The 1958 amendment's legislative history does not mention "subsidiary" corporations, *but treats for purposes of diversity jurisdiction all large-scale businesses, whether doing business through divisions or subsidiaries, as a whole, i.e., as one unit.*

Schwartz, 913 F.2d at 288-89 (Merritt, C.J., dissenting; emphasis added).

The Third Circuit applied this approach in Kelly. The Third Circuit recognized that for a large corporation with many divisions and subsidiaries, what matters is the location of the headquarters of the control over the day-to-day corporate activities and management decisions of the entire company. Kelly, 284 F.2d at 853-54. Under the Kelly test,

**REDACTED**          located in Warren, New Jersey, makes the decisions for Cordis Corporation, its divisions and subsidiaries and its affiliated companies.

7

1348450v1

**REDACTED**

1348450v1

# REDACTED

Thus, Warren, New Jersey is the home of eight of the twelve Board members responsible for the business functions of Cordis Corporation. Id., ¶ 10. Under the Kelly test, with eight out of twelve Board members located in Warren, "the headquarters of day-to-day corporate activit[ies] and management," Kelly, 284 F.2d at 854, is in New Jersey.

Wyeth focuses on pleadings in litigation involving Cordis to support its analysis. Cordis' pleadings are inconsistent on this point,[2] but Wyeth critically fails to observe that many of the pleadings it cites are answers filed by Cordis in situations where diversity of citizenship is not an issue. In any event, it is clear that "pleadings themselves have no intrinsic capacity either to establish or disestablish jurisdiction; it is axiomatic that a party may not confer or defeat jurisdiction by mere pleading." Mennen, 147 F.3d at 293. The Mennen court rejected the use of the pleadings as evidence of where the corporation's principal place of business was located and instead held that "subject matter jurisdiction depends upon facts of record and when any question arises as to the existence of jurisdiction a federal court is obligated to make an independent determination of those facts." Id. at 294. When this Court undertakes that analysis under the Kelly test, we believe New Jersey is the right outcome.

---

[2] In a number of instances, including the most recent cases between Boston Scientific and Cordis relating to stents pending before this Court, both Boston Scientific and Cordis have pled that Cordis Corporation has principal places of business in both Warren, New Jersey and in Miami Lakes, Florida. Ex. 3 at 1 (Complaint in C.A. No. 03-027-SLR); Ex. 4 at 2 (First Amended Complaint in C.A. No. 03-283-SLR); Ex. 5 at 2 and 5 (Answer and Counterclaim in C.A. No. 03-283-SLR); Ex. 6 at 1 (Complaint in C.A. No. 03-1138-SLR); and Ex. 7 at 2 and 4 (Answer and Counterclaim in C.A. No. 03-1138-SLR); see also D.I. 24 (Wyeth Brief), Ex. 2 at 7 (Answer and Counterclaim in C.A. No. 05-1464 (PJS/RLE), D. Minn.).

1348450v1

### B. This Court Should Dismiss or Stay Wyeth's Complaint in Favor of the Delaware Court of Chancery Suit

Even if the District Court has subject matter jurisdiction, Wyeth's action should be dismissed in favor of the Court of Chancery suit. There is no question of federal law presented and Wyeth's demand for declaratory relief is properly resolved in state court. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995); Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1222-24 (3d Cir. 1989).

The Supreme Court has cautioned district courts against assuming jurisdiction over declaratory judgment cases, where, as here, the dispute does not implicate federal law and another action is pending in a state court.

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart, 316 U.S. at 495.

Wyeth argues that Cordis' reliance on Brillhart is "completely misplaced" because Wyeth is seeking damages and injunctive relief as well as a declaration that Cordis has breached the Agreement. Wyeth Br. at 26. According to Wyeth, the Supreme Court's warning that a federal court should avoid taking jurisdiction over a declaratory judgment action only applies to claims for purely declaratory relief. Id.

Wyeth cites to a number of cases from other circuits to support its argument that Brillhart does not apply when the complaint seeks injunctive relief and damages in addition to a declaratory judgment. Id. at fn. 26. It is true there is a split of authority on this issue, and the Third Circuit has not yet resolved it. ITT Indus., Inc. v. Pacific Employers Ins. Co., 427 F. Supp. 2d 552, 556 (E.D. Pa. 2006) (discussing the different approaches taken by the Fifth and Ninth

Circuits); <u>see also Lexington Ins. Co. v. Rolison</u>, 434 F. Supp. 2d 1228, 1236-37 and fn. 12 (S.D.

Ala. 2006) (Ninth Circuit approach "not unanimously embraced by federal courts nationwide")

(citing <u>ITT</u>); <u>Royal Indemnity Co. v. Apex Oil Co.</u>, 2006 WL 2460791, at * 2-3 (E.D. Mo. Aug.

23, 2006); <u>Zivitz v. Greenberg</u>, 1999 WL 262132, at *3 (N.D. Ill. Apr. 9, 1999).

But as explained in <u>ITT</u>, the overwhelming majority of courts within the Third

Circuit reject Wyeth's argument. Instead they look to the "heart of the action" to determine if the

<u>Brillhart</u> standard applies. <u>ITT Indus.</u>, 427 F. Supp. 2d at 556; <u>see also Coltec Indus., Inc. v.</u>

<u>Continental Ins. Co.</u>, 2005 WL 1126951, at *2 (E.D. Pa. May 11, 2005) (choosing the "heart of

the action" approach "because it seems to us most faithful to the concerns that animated

<u>Wilton</u>"); <u>Franklin Commons East P'ship v. Abex Corp.</u>, 997 F. Supp. 585, 592 (D.N.J. 1998);

<u>The Scully Co. v. OneBeacon Ins. Co.</u>, 2004 WL 1166594 (E.D. Pa. May 24, 2004); <u>Sanzo v.</u>

<u>Elk Mountain Ski Resort, Inc.</u>, 2000 WL 1448815, at *4 (E.D. Pa. Sept. 28, 2000). We submit

this Court should apply the majority view of the Third Circuit courts.

Under the "heart of the action" analysis, if the claims for injunctive relief and

damages are dependent on the claim for declaratory relief and if, at its heart, the dispute is a

declaratory judgment action, the <u>Brillhart</u> standard will apply. <u>ITT Indus.</u>, 427 F. Supp. 2d at

556 ("If the outcome of the coercive claims hinges on the outcome of the declaratory ones,

<u>Wilton</u>'s standard governs."); <u>Coltec Indus., Inc.</u>, 2005 WL 1126951, at *2; <u>Franklin Commons</u>,

997 F. Supp. at 592 (claims for damages dependent on claim for declaratory relief); <u>The Scully</u>

<u>Co.</u>, 2004 WL 1166594; <u>Sanzo</u>, 2000 WL 1448815, at *4.[3]

---

[3] Wyeth expressly recognizes that the <u>Brillhart</u> standard applies to cases that seek more than declaratory relief when it states that in <u>St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems, Inc.</u>, 419 F.Supp. 2d 620 (D. Del. 2006), "the court entirely disregarded the tort claims, apparently treating the federal action as one in which *the declaratory relief predominated*," Wyeth Br. at 26-27, fn 27 (emphasis added).

1348450v1

Declaratory relief is at the heart of this action.  Wyeth relies on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for jurisdiction.  D.I. 1, ¶ 6.  Wyeth seeks a declaration "that Cordis's failures to meet obligations set forth in the License Agreement constitute material breaches" and "a declaration of its right to terminate the License Agreement."  D.I. 1, ¶¶ 36, 43 and Prayer for Relief, ¶¶ a and b.

*All other relief* sought by Wyeth depends on its claim for declaratory relief.  Wyeth seeks an injunction to compel Cordis to

# REDACTED

Wyeth also seeks damages, but there are no damages unless and until the Court declares Cordis has breached the Agreement.

Focusing on whether the declaratory relief is at the "heart of the action" is consistent with the policy underlying <u>Brillhart</u> and <u>Wilton</u>.

> To apply the <u>Colorado River</u> standard to actions containing both declaratory judgment and coercive claims without an analysis of the facts at hand would be to ignore the Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases.

<u>ITT Indus.</u>, 427 F. Supp. 2d at 557.

Declaratory relief is at the heart of this action and the coercive and damages claims hinge on the outcome of the declaratory ones.  There is no question of federal law at issue.  The Chancery Court can satisfy Wyeth's claim for injunctive relief or damages if so warranted.  Thus, the Supreme Court's admonition in <u>Brillhart</u> and <u>Wilton</u> against taking

12

jurisdiction over declaratory judgment actions governs this case. See ITT Indus.; Coltec Indus.; Franklin Commons; The Scully Co.; supra.

Wyeth's other arguments are equally meritless. It argues that "Cordis expressly agreed to the jurisdiction of this Court to hear disputes arising under the Agreement." Wyeth Br. at 23. Cordis consented only to personal jurisdiction in this Court, which it does not dispute. But Cordis has no power to, and did not, consent to subject matter jurisdiction. Parties cannot create subject matter jurisdiction by agreement. Beach v. KDI Corp., 490 F.2d 1312, 1318 (3d Cir. 1974).

Next, Wyeth argues that it is entitled under the McWane "first-filed" rule to have the Court of Chancery case dismissed or stayed in favor of its first-filed case. Wyeth Br. at 25. The discretionary nature of the Declaratory Judgment Act does not turn on which litigant was first to reach the court room:

> [T]he discretion of a federal court [to entertain a declaratory judgment action] should not turn on so mechanical a rule. Instead, [t]he real question . . . is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution for the general conflict.

U.S. Surgical Corp. v. Litvack, 1999 WL 33220034, at *5 (D. Del. Dec. 30, 1999) (citations and internal quotations omitted); see also Cordis' Answering Brief in Opposition to Wyeth's Motion to Dismiss or in the Alternative, to Stay this Action (Civil Action No. 2504-N), Ex. 19 to Wyeth Brief, D.I. 24.

Finally, Wyeth argues that the District Court should keep this case and not defer to the Chancery Court because only New Jersey state law is in question. However, the Supreme Court in Brillhart cautioned against taking jurisdiction when there is "no federal interest in resolving [the] dispute in a federal court rather than in a state court." National Union Fire Ins.

13

Co. of Pittsburgh v. Freeport-McMoran, Inc., 767 F. Supp. 568, 572 (D. Del. 1991). The dispute here is governed by straightforward state contract law. State Auto Ins. Co. v. Summy, 234 F.3d 131, 136 (3d Cir. 2001) ("When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.") There is no question of federal law implicated and this Court should abstain in favor of the pending state court action.

1348450v1

**CONCLUSION**

For the reasons set forth above, this Court should grant Cordis' motion for

dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction,

or, in the alternative, for dismissal or stay in favor of the co-pending state court action in the

Delaware Court of Chancery.


Dated:   February 23, 2007

                                                    /s/ Richard L. Renck
                                                    _____
                                                    ASHBY & GEDDES
                                                    Lawrence C. Ashby  (#468)
Of Counsel:                                         Steven J. Balick  (#2114)
                                                    Richard L. Renck  (#3893)
Gregory L. Diskant                                  222 Delaware Avenue, 17th Floor
Michael J. Timmons                                  Wilmington, DE 19801
Irena Royzman                                       (302) 654-1888
Patrick Almonrode
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas                         *Attorneys for Defendant*
New York, NY 10036                                  *Cordis Corporation*
(212) 336-2000

1348450v1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL BRUESEWITZ and          :
ROBALEE BRUESEWITZ, parents     :
and natural guardians of HANNAH :
BRUESEWITZ, a minor child and in their :
own right,                      :
                                :
                 Plaintiffs,    :          CIVIL ACTION NO.: 05-5994
                                :
        v.                      :
                                :
WYETH, INC., f/k/a WYETH        :
LABORATORIES, WYETH-AYERST      :
LABORATORIES, WYETH LEDERLE     :
VACCINES, AND LEDERLE           :
LABORATORIES                    :
                                :
                 Defendant.     :
                                :

## DEFENDANT WYETH'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

### I.

### INTRODUCTION

On October 12, 2005, Russell and Robalee Bruesewitz on behalf of their minor

daughter, Hannah Bruesewitz, and in their own right, instituted this action against defendant,

Wyeth, Inc. (hereinafter "Wyeth") in the Court of Common Pleas, Philadelphia County.

Plaintiffs allege that the minor plaintiff suffered residual seizure disorder and developmental

delay as a result of receiving Wyeth's Diphtheria and Tetanus Toxoids and Pertussis Vaccine

Adsorbed ("DTP") vaccine. On October 27, 2005, Wyeth, Inc. was served with Plaintiffs'

Original Complaint and Jury Demand ("Complaint" or "Compl."). On November 15, 2005,

pursuant to 28 U.S.C. § 1441, Defendant Wyeth, Inc., improperly identified in the Complaint as "Wyeth, Inc., f/k/a Wyeth Laboratories, Wyeth-Ayerst Laboratories, Wyeth Lederle Vaccines and Lederle Laboratories" timely removed the action to this Court. Because plaintiffs are citizens of Pennsylvania, and Wyeth is a citizen of Delaware (its state of incorporation) and a citizen of New Jersey (its principal place of business), this Court has subject matter jurisdiction over this action based on diversity of citizenship.

On December 13, 2005, plaintiffs moved to remand this action based entirely on a statement plaintiffs blatantly took out of context from Wyeth's 2004 Form 10-K, which corporate disclosure actually makes clear that Wyeth's principal place of business is New Jersey. Accordingly, removal to this Court was proper and Plaintiffs' Motion to Remand should be denied.

## II.

## ARGUMENT

District courts have original jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). A civil action brought in state court may be removed by a defendant to the district court of the United States for the district and division embracing the place where such an action is pending, provided that the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removing defendant effectuates removal by filing a notice of removal, accompanied by all process, pleadings and orders served upon the defendant, within 30 days of service of the complaint and by providing notice of removal to all adverse parties. 28 U.S.C. §§ 1446(a); 1446(b); 1446(d). The notice must contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

A corporation is deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation has only one principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also United States Fid. and Guar. Co. v. DiMassa*, 561 F. Supp 348, 351, n. 8 (E.D. Pa. 1983); *Campbell v. The Associated Press*, 223 F. Supp. 151, 153-54 (E.D. Pa. 1963) ("[I]t is evident that Congress intended a corporation, for diversity purposes, can have only one principal place of business…"). Unless incorporated in multiple states, a corporation is a citizen of no more than two states: (1) the state of its incorporation; and, (2) the state of its principal place of business. *See id.*

This Court has original jurisdiction over this matter. *See* 28 U.S.C. § 1332(a). Plaintiffs are citizens of Pennsylvania. *See* Compl; Pls.' Memorandum of Law in Support of Mot. to Remand (hereinafter "Pls.' Memorandum"). Wyeth is a citizen of Delaware, the state of its incorporation, and a citizen of New Jersey, the state of its principal place of business. *See* Affidavit of Bradford A. Lewin, Esq., sworn to on December 23, 2005, at ¶ 6 (hereinafter "Lewin Aff."), which is attached hereto as Exhibit 1. The amount in controversy appears to exceed $75,000, exclusive of interest and costs. *See* Compl. at ¶¶ 28, 30. Defendant has complied with all of the procedural requirements of 28 U.S.C. § 1446. Therefore, removal of the above-captioned action to this Court was proper. *See id.*

-3-

A.    <u>Wyeth Is The Sole And Proper Defendant To This Action</u>

       Plaintiffs allege that the minor plaintiff suffered residual seizure disorder and developmental delay as a result of receiving her third DTP vaccination on April 1, 1992 from "Lederle Lot 314-985." *See* Compl. at ¶¶ 10-12. In 1992, Lederle Laboratories was an unincorporated division of American Cyanamid Company ("Cyanamid"), an independent pharmaceutical company incorporated in Maine and headquartered in New Jersey. *See* Lewin Aff. at ¶¶ 2-3, Ex. A. Through its unincorporated division, Lederle Laboratories, Cyanamid manufactured and distributed vaccines, including its DTP vaccine, which it sold under the trade name TRI-IMMUNOL®. *See* Lewin Aff. at ¶ 3, Ex. A.

       Cyanamid (including its unincorporated divisions) was acquired by American Home Products Corporation ("AHPC") in November 1994. *See* Lewin Aff. at ¶ 2. AHPC ultimately became responsible for the manufacture, distribution and sale of Cyanamid's DTP vaccine. *See* Lewin Aff. at ¶ 4. In 2002, AHPC changed its name to Wyeth, which is registered to conduct business in the State of Pennsylvania as Wyeth, Inc. *See id.*

       On October 27, 2005, plaintiffs served Wyeth, Inc. with their Original Complaint and Jury Demand. Lewin Aff. at ¶ 5, Ex. B. Plaintiffs' Complaint names Wyeth, Inc. as the sole defendant to this action. *See* Compl. The Complaint does so incorrectly however, by identifying Wyeth, Inc. as "Wyeth, Inc., f/k/a Wyeth Laboratories, Wyeth-Ayerst Laboratories, Wyeth Lederle Vaccines and Lederle Laboratories." *See* Compl.; *see also* Lewin Aff. at ¶ 12; Def.'s Notice of Removal; Answer and Jury Demand of Def. Wyeth. Wyeth was formerly known as American Home Products Corporation -- Wyeth was NOT formerly known as "Wyeth Laboratories, Wyeth-Ayerst Laboratories, Wyeth Lederle Vaccines and Lederle Laboratories." *See* Lewin Aff. at ¶ 13. Indeed, Wyeth Laboratories, Wyeth-Ayerst Laboratories, Wyeth Lederle

-4-

Vaccines and Lederle Laboratories were, at most, operating in the United States as unincorporated divisions or business units of Wyeth (or its predecessors) and are not and were not entities capable of being sued. *See* Lewin Aff. at ¶¶ 14-17. Courts cannot properly consider these entities independently for the purpose of establishing diversity. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994); *see also Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir. 1990)(a division of a corporation is not an independent entity for jurisdictional purposes).

**B.     Wyeth Is A Citizen Of The State Of
         Delaware And Of The State Of New Jersey**

   **1.     Defendant Wyeth Is A Citizen Of The State of
           Delaware Because It Is Incorporated In Delaware.**

       The diversity statute provides that a corporation is deemed a citizen of a State by which it has been incorporated. *See* 28 U.S.C. § 1332(c)(1). Wyeth is incorporated in Delaware. *See* Lewin Aff. at ¶ 6; Plaintiffs' Mot. to Remand, Ex. A (Wyeth's 2004 10-K Form). Therefore, it is a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1).

   **2.     Defendant Wyeth Is A Citizen Of The State Of New Jersey
           Because Its Principal Place Of Business Is Madison, New Jersey.**

       In addition to conferring citizenship on a corporation based on its State of incorporation, the diversity statute provides that a corporation is also a citizen of any State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). In *Campbell*, this Court considered the report of the Judiciary Committee of the Senate on § 1332(c) and concluded that for diversity purposes, a corporation has only one principal place of business. *See Campbell*, 223 F. Supp. at 153-54.

       The touchstone of determining a corporation's principal place of business, according to Third Circuit law, is the corporation's "headquarters of day-to-day corporate

activity and management." *See Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960). Wyeth's worldwide corporate headquarters is in Madison, New Jersey. Lewin Aff. at ¶ 6. Moreover, Wyeth has consistently identified Five Giralda Farms, Madison, New Jersey as its "principal executive offices" on Wyeth's corporate disclosure filings to the Securities and Exchange Commission, including its 2004 Form 10-K, which plaintiffs attached as the only exhibit to their motion to remand. *See* Pls.' Mot. to Remand, Ex. A (Wyeth's 2004 10-K form) at pp. 1, 18.

A substantial majority of Wyeth's Principal Corporate Officers have their primary office at Wyeth's worldwide headquarters in New Jersey. Lewin Aff. at ¶ 8. In determining a corporation's principal place of business, courts place great significance on the location of the majority of corporate executives. *Linerboard Antitrust Litig. Farmland and Nat'l. Beef Packing Co., L.P. v. Stone Container Corp.*, Civ.A.04-4001, 2005 WL 1625040, at *6-7 (E.D. Pa. July 11, 2005); *Eyal Lior v. Sit*, 913 F. Supp. 868, 875 (D.N.J. 1996)(submissions by plaintiffs that majority of defendant corporation's executives maintained offices in Connecticut indicated that corporation's principal place of business was Connecticut at the commencement of the action and thus, defendants' removal petition, filed more than 30 days after commencement, was untimely); *Alpha Portland Cement Co. v. MacDonald Eng'g Co.*, 224 F. Supp. 714, 715 (E.D. Pa. 1963) (determining principal place of business as Pennsylvania according to *Kelly* standard primarily because majority of executive officers who were responsible for the corporation's operations and activities had offices, staff and residences in Pennsylvania).

Here, such an analysis reinforces that Wyeth's principal place of business is its corporate headquarters in Madison, New Jersey. *See id.* The Wyeth corporate executives who maintain their primary office in Madison, New Jersey include, among others: (1) Robert Essner,

-6-

Chairman, President and Chief Executive Officer; (2) Kenneth J. Martin, Executive Vice President and Chief Financial Officer; (3) Jack M. O'Connor, Vice President and Treasurer; (4) Lawrence V. Stein, Senior Vice-President and General Counsel; (5) Rene R. Lewin, Senior Vice President – Human Resources; (6) Eileen Lach, Vice President, Corporate Secretary and Associate General Counsel; and (7) Paul J. Jones, Vice President and Controller. Lewin Aff. at ¶ 8. Not surprisingly, Wyeth's Board of Director meetings are typically held in New Jersey and Wyeth maintains its corporate books and records (including but not limited to articles of incorporation, minutes of annual board meetings and insurance records) in New Jersey. *Id.* at ¶ 7.[1]

These facts overwhelmingly establish that the headquarters of day-to-day corporate activity and management for Wyeth, and thus, its principal place of business, is New Jersey. *See, generally,* Lewin Aff.; *Kelly,* 284 F.2d 850 at 854. For diversity purposes, Wyeth is a citizen of New Jersey. *See* U.S.C. 1332(c)(1).[2]

3.    **Wyeth's 10-K Form, The Only Support To Plaintiffs' Motion, Clearly Identifies Wyeth's Corporate Headquarters As New Jersey.**

In their Memorandum of Law in Support of Motion to Remand, plaintiffs argue that "Wyeth's principal place of business is in Pennsylvania," because "Wyeth's U.S. and international pharmaceutical operations are headquartered in Collegeville and Great Valley, Pennsylvania." Pls.' Memorandum at 3. It appears that plaintiffs base this assertion on the

---

[1] Although of less importance to the analysis than the facts discussed above, Wyeth's federal and state income tax returns are prepared and filed from New Jersey (Lewin Aff. at ¶ 10), its insurance documents and records are kept in the normal course of business in New Jersey (Lewin Aff. at ¶ 11) and Wyeth medical, pension and disability plans are maintained in either New Jersey or New York (Lewin Aff. at ¶ 9).

[2] Contrary to Plaintiffs' suggestion that Wyeth shirked from its responsibility to provide facts "other than conclusory statements" supporting the assertion that its principal place of business is in New Jersey, the removal statute requires "a short and plain statement of the grounds for removal," not the supporting facts. *See* 28 U.S.C. § 1446(a). In response to plaintiffs' motion, Wyeth submits the requisite evidentiary support for the ultimate conclusion that Wyeth's headquarters of day-to-day corporate activity and management, and thus, its principal place of business, is New Jersey. *See* Lewin Aff.

following statement from Wyeth's 2004 Form 10-K (which they attach as the sole exhibit to their motion): "The Company's U.S. and international Pharmaceuticals operations are headquartered in owned facilities in Collegeville and Great Valley, Pennsylvania." Pls.' Memorandum, Ex. A at p.18. This sentence is blatantly taken out of the context of the entire paragraph in which it is found. The entire paragraph from the Form 10-K reads as follows:

> The Company's corporate headquarters and the headquarters of its Consumer Healthcare business are located in Madison, New Jersey. The Company's U.S. and international Pharmaceuticals operations are headquartered in owned facilities in Collegeville and Great Valley Pennsylvania. The Company's Animal Health business is headquartered in Overland Park, Kansas, a leased facility...

Pls.' Memorandum, Ex. A (Wyeth's 2004 Form 10-K) (emphasis added) at p.18. Thus, although not acknowledged by plaintiffs, the Form 10-K makes perfectly clear that Wyeth's corporate headquarters is in Madison, New Jersey. *See id.* As explained in the Affidavit of Bradford A. Lewin, Esq., Wyeth has three major divisions (all of which are unincorporated), Wyeth Pharmaceuticals, Wyeth Consumer Healthcare and Fort Dodge Animal Health, which are headquartered in Pennsylvania, New Jersey and Kansas respectively. Lewin Aff. at ¶ 15. All three divisions are referred to in the above excerpt from the Form 10-K -- the reference in the Form 10-K to "Pharmaceuticals operations" is a reference to the Wyeth division, Wyeth Pharmaceuticals. *See id.* Regardless of where its unincorporated divisions may be centered, the fact that Wyeth's corporate headquarters is in Madison, New Jersey establishes Wyeth's principal place of business as New Jersey. *See Mears v. McNeil-PPC, Inc.,* No. Civ. A. 95-3820, 1995 WL 684862, at *1 (E.D. Pa. Nov. 15, 1995).

The locations of the headquarters of unincorporated divisions have no jurisdictional significance. *See Mears,* 1995 WL 684862, at *1. Courts have consistently established that a division is not by law considered a separate entity for the purpose of

-8-

determining diversity jurisdiction. *See Breitman*, 37 F.3d at 564; *see also Schwartz*, 913 F.2d at 284 ("A division of a corporation does not possess the formal separateness upon which the general [diversity] rule is based, and thus, is not an independent entity for jurisdictional purposes."). A corporation's citizenship for diversity purposes <u>cannot</u> be based upon the location of an unincorporated, albeit dominant, division of a company. *See Mears*, 1995 WL 684862, at *1; *see also* 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.56[2] (3d ed. 1999) ("An unincorporated division of a corporation is deemed to have the citizenship of the corporation of which it is a part.").

C.    **Federal Courts In The Third Circuit Have Previously**
      **Determined, And This Same Plaintiffs' Counsel Has Previously**
      **Alleged, That Wyeth's Principal Place Of Business Is Madison New Jersey**

        Multiple courts within the Third Circuit have previously determined that Wyeth (or American Home Products Corporation) maintained its principal place of business in Madison, New Jersey. *See In re Diet Drugs Prods. Liab. Litig.*, Nos. 1203, 99-20593, 2000 WL 1222042, at *33 (E.D.Pa. Aug. 28, 2000) (court had subject matter jurisdiction to grant joint motion for order certifying and approving settlement class because complete diversity existed where class representatives were citizens of Pennsylvania and defendant "AHP[C] [was] a Delaware corporation with its principal place of business in New Jersey."); *see also In re Diet Drugs Prods. Liab. Litig.*, No. CIV. A. 98-20626, 1999 WL 673066, at *5 (E.D.Pa. Aug. 26, 1999)( court had subject matter jurisdiction over proceedings to certify class where plaintiffs were citizens of Pennsylvania and Kentucky and defendant "AHP[C] [was] a Delaware corporation with its principal place of business in Madison, New Jersey.").

        Moreover, plaintiffs' national counsel in this action, the Williams Bailey Law Firm, L.L.P. ("Williams Bailey"), has had extensive experience litigating against Wyeth and is

-9-

fully aware that Wyeth's principal place of business is Madison, New Jersey, as is evidenced by their jurisdictional allegations in the pleadings that firm has filed against Wyeth in New Jersey state courts. Williams Bailey has represented multiple plaintiffs in connection with the diet drug litigation pending in Bergen County Superior Court, New Jersey including Michael W. Weis, Administrator Ad Prosequendum of the Estate of Kathleen A. Walker-Weis, Deceased v. Wyeth, and John, Jane and Joe Does 1-20 (Superior Court of New Jersey, Bergen County, Docket No. L-7164-04). *See* Affidavit of Reetu Dandora in Support of Defendant's Opposition to Plaintiffs' Motion to Remand, sworn to on December 27, 2005, (hereinafter, "Dandora Aff."), which is attached hereto as Exhibit 2; *see also* Ex. B to Dandora Aff. In *Weiss*, Williams Bailey filed on behalf of plaintiffs an Amended New Jersey Diet Drug Short Form Complaint, which incorporates by reference Plaintiffs' Amended Master Long Form Complaint. *See id.* Plaintiffs' Amended Master Long Form Complaint specifically alleges that "Defendant, Wyeth, is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of New Jersey." *See* Ex. A to Dandora Aff.

-10-

## III.

## CONCLUSION

For the foregoing reasons, based on diversity of citizenship, this Court has subject matter jurisdiction over this matter. Accordingly, Plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

s/Reetu Dandora
Michael T. Scott
Reetu Dandora
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103
(215) 851-8100

COUNSEL FOR **DEFENDANT WYETH, INC**

Of Counsel:

Daniel J. Thomasch
Lauren J. Elliot
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

Dated: December 27, 2005

# EXHIBIT 2

## REDACTED

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2003 JAN 13 PM 4:01

| | | |
|---|---|---|
| CORDIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.   03 - 027 |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION and | ) | |
| SCIMED LIFE SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cordis Corporation ("Cordis"), for its complaint against defendants Boston Scientific Corporation ("BSC") and Scimed Life Systems, Inc. ("Scimed"), alleges as follows:

### THE PARTIES

1.  Plaintiff Cordis is a corporation organized and existing under the laws of the State of Florida and having principal places of business at 40 Technology Drive, Warren, New Jersey, and at 14201 N.W. 60th Avenue, Miami Lakes, Florida.

2.  Upon information and belief, defendant BSC is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Massachusetts. Upon information and belief, BSC, on its own and through its control of Scimed, conducts business in this judicial district by offering products for sale in this district, including, but not limited to, the infringing products at issue in this case.

3.  Upon information and belief, defendant Scimed is a corporation organized and existing under the laws of the State of Minnesota and having a principal place of business in

Minnesota. Scimed is a wholly owned subsidiary of BSC that conducts business in this district by offering products for sale in this district, including, but not limited to, the infringing products at issue in this case.

## JURISDICTION AND VENUE

4.    This action arises under the patent laws of the United States, Title 35, United States Code. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400.

## CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

6.    United States Letters Patent No. 4,739,762, entitled "Expandable Intraluminal Graft, and Method and Apparatus for Implanting an Expandable Intraluminal Graft" ("the '762 patent") issued on April 26, 1988. Reexamination Certificate B1 4,739,762 on the '762 patent issued on October 27, 1998. A true and correct copy of the '762 patent is attached as Exhibit A and a true and correct copy of Reexamination Certificate B1 4,739,762 is attached as Exhibit B.

7.    Cordis has received an assignment of and holds all rights, title, and interest to the '762 patent, including the right to recover all damages for past infringement.

8.    Statutory notice pursuant to 35 U.S.C. § 287(a) has been given for all licensed stents manufactured and sold under the '762 patent.

9.    BSC and Scimed have infringed the '762 patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States,

stents (including but not limited to the Express[2] stent) for implantation in human vessels and arteries as claimed in the '762 patent in violation of 35 U.S.C. § 271.

       10.    Cordis has been, and continues to be irreparably harmed by defendants' infringement of the '762 patent.  Defendants' infringement has also caused damages in an amount to be determined at trial.

       11.    Upon information and belief, BSC and Scimed have been aware of the '762 patent at all relevant times and have willfully infringed the patent.

       WHEREFORE, plaintiff Cordis respectfully requests the following relief against defendants BSC and Scimed:

       A.    An order and decree that the '762 patent is valid and has been infringed by BSC and Scimed in violation of 35 U.S.C. § 271;

       B.    Orders preliminarily and permanently enjoining BSC and Scimed, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, the Express[2] stent and any other stent that infringes the '762 patent;

       C.    An order adjudging and decreeing that BSC's and Scimed's infringement of the '762 patent has been willful;

       D.    An award of damages, pursuant to 35 U.S.C. § 284, of up to three times the amount found adequate to compensate Cordis for defendants' infringement of the '762 patent;

       E.    A finding that this is an exceptional case as defined in 35 U.S.C. § 285 and an award to Cordis of its attorneys' fees and full costs of suit; and

F.    Such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff Cordis hereby respectfully requests trial by jury on all issues triable to a jury.

ASHBY & GEDDES

_Steven J. Balick_

Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

*Attorneys for Plaintiff Cordis Corporation*

*Of Counsel:*

Gregory L. Diskant
William F. Cavanaugh, Jr.
Kim J. Landsman
Michael J. Timmons
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
(212) 336-2000

Theodore B. Van Itallie, Jr.
Eric I. Harris
Paul A. Coletti
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, New Jersey  08933

Dated:  January 13, 2003

120906.1

4

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| BOSTON SCIENTIFIC SCIMED, INC. AND BOSTON SCIENTIFIC CORPORATION, )<br><br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORDIS CORPORATION AND )<br>JOHNSON AND JOHNSON, INC )<br>Defendant. )<br> ) | Civil Action No. 03-283-SLR |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Boston Scientific Scimed, Inc. and Boston Scientific Corporation, by way of this Complaint against defendants Johnson and Johnson, Inc. and Cordis Corporation (collectively, "Defendants"), upon knowledge as to their own acts, and upon information and belief as to all other matters, hereby allege as follows:

<u>Parties</u>

1.    Boston Scientific Scimed, Inc. is a Minnesota corporation having its principal place of business at One Scimed Place, Maple Grove, MN 55311-1566.

2.    Boston Scientific Corporation is a Delaware corporation having its principal place of business at One Boston Scientific Plaza, Natick, Massachusetts 01760.

3.    Johnson and Johnson, Inc. ("J&J") is a New Jersey corporation having its principal place of business at One Johnson and Johnson Plaza, New Brunswick, NJ 08933.

4.    Cordis Corporation. ("Cordis") is a Florida corporation having its principal place of business at 40 Technology Drive, Warren, New Jersey, and at 14201 N.W. 60th Avenue, Miami Lakes, FL 33014.

## Jurisdiction And Venue

5.    This is an action for patent infringement arising under the U.S. Patent Laws, Title 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

6.    This Court has personal jurisdiction over defendants.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## First Count–Patent Infringement

8.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 7 as if set forth herein.

9.    This is an action for patent infringement, based upon defendants' infringement of U.S. Patent No. 6,120,536 ("the '536 patent"). A true and correct copy of the '536 patent is attached as Exhibit A hereto.

10.    The '536 patent is entitled "Medical Device With Long Term Non-Thrombogenic Coatings" and claims, *inter alia*, medical devices (such as expandable stents) that

-2-

are implanted within the body of a patient, which includes a biologically active material. The
'536 patent was duly and legally issued by the United States Patent and Trademark Office on
September 19, 2000.

    11.    The '536 patent was assigned on its face to Schneider (USA), Inc.
Schneider (USA), Inc. subsequently changed its name to Boston Scientific Scimed, Inc., which is
a subsidiary of Boston Scientific Corporation.

    12.    Defendants have made, used, offered for sale, sold and/or imported in the
United States stent devices, including Cypher™, which are covered by the claims of the '536
patent. Defendants have infringed and are infringing the '536 patent by making, using, offering
for sale, selling and/or importing stent devices, including Cypher™.

    13.    Defendants' infringement of the '536 patent has been willful, without
licence, and carried out with full knowledge of the '536 patent.

    14.    Defendants will continue their acts of infringement unless restrained and
enjoined by this Court.

    15.    Should Defendants be permitted to continue infringement of the '536
patent, the resulting damage to plaintiffs will be substantial and irreparable. Plaintiffs have no
adequate remedy at law.

## Second Count–Patent Infringement

    16.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 as
if set forth herein.

-3-

17.     This is an action for patent infringement, based upon Defendants' infringement of U.S. Patent No. 6,251,920 ("the '920 patent"). A true and correct copy of the '920 patent is attached as Exhibit B hereto.

18.     The '920 patent is entitled "Prevention and Treatment of Cardiovascular Pathologies" and claims, *inter alia*, a therapeutic method for treating or preventing a cardiovascular indication. The '920 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 2001.

19.     The '920 patent is assigned to NeoRx Corporation. Boston Scientific Corporation is an exclusive licensee of the '920 patent.

20.     Defendants have made, used, offered for sale, sold and/or imported in the United States stent devices, including Cypher™, the use of which infringes the '920 patent. Defendants have infringed and are infringing the '920 patent by making, using, offering for sale, selling and/or importing stent devices, including Cypher™, to be used in the claimed methods. Defendants' actions constitute inducement of infringement and contributory infringement of the '920 patent.

21.     Defendants' infringement of the '920 patent has been willful, without licence, and carried out with full knowledge of the '920 patent.

22.     Defendants will continue their acts of infringement unless restrained and enjoined by this Court.

23.     Should Defendants be permitted to continue infringement of the '920 patent, the resulting damage to plaintiffs will be substantial and irreparable. Plaintiffs have no

-4-

adequate remedy at law.

### Third Count—Patent Infringement

24.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 23 as if set forth herein.

25.     This is an action for patent infringement, based upon defendants' infringement of U.S. Patent No. 6,515,009 ("the '009 patent"). A true and correct copy of the '009 patent is attached as Exhibit C hereto.

26.     The '009 patent is entitled "Therapeutic Inhibitor of Vascular Smooth Muscle Cells" and claims, *inter alia,* a method for maintaining vessel luminal area following vascular trauma. The '009 patent was duly and legally issued by the United States Patent and Trademark Office on February 4, 2003.

27.     The '009 patent is assigned to Boston Scientific Corporation.

28.     Defendants have made, used, offered for sale, sold and/or imported in the United States stent devices, including Cypher™, the use of which infringes the '009 patent. Defendants have infringed and are infringing the '009 patent by making, using, offering for sale, selling and/or importing stent devices, including Cypher™, to be used in the claimed methods. Defendants' actions constitute inducement of infringement and contributory infringement of the '009 patent.

29.     Defendants' infringement of the '009 patent has been willful, without licence, and carried out with full knowledge of the '009 patent.

-5-

30.    Defendants will continue their acts of infringement unless restrained and enjoined by this Court.

31.    Should Defendants be permitted to continue infringement of the '009 patent, the resulting damage to plaintiffs will be substantial and irreparable.  Plaintiffs have no adequate remedy at law.

### Fourth Count–Declaratory Judgment of Patent Infringement

32.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 as if set forth herein.

33.    On or about April 24, 2003, Cypher™ was approved by the United States Food and Drug Administration for sale and use in the U.S.

34.   Defendants' manufacture, use, offer for sale, sale and/or importing of stent devices, including Cypher™, infringes the '536, '920, and '009 patents.

35.    Defendants' infringement of the '536, '920, and '009 patents is willful, without license, and carried out with full knowledge of the '536, '920, and '009 patents.

36.    There is an actual and justiciable controversy between plaintiffs and Defendants concerning the infringement of the '536, '920, and '009 patents by defendants' manufacture, use, offer for sale, sale and/or importing of stent devices, including Cypher™, that is properly resolved by declaratory judgment.

37.    Defendants will continue to infringe the '536, '920, and '009 patents unless restrained and enjoined by this Court.

38.    Should Defendants be permitted to continue to infringe the '536, '920, and

-6-

'009 patents, the resulting damage to plaintiffs will be substantial and irreparable. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for a judgment that:

(a)    The '536 patent is valid and enforceable against Defendants;

(b)    The '920 patent is valid and enforceable against Defendants;

(c)    The '009 patent is valid and enforceable against Defendants;

(d)    Defendants infringe the '536 patent by their manufacture, use, offer for sale, sale and/or importing of defendants' stent devices, including Cypher™;

(e)    Defendants infringe the '920 patent by their manufacture, use, offer for sale, sale and/or importing of defendants' stent devices, including Cypher™;

(f)    Defendants infringe the '009 patent by their manufacture, use, offer for sale, sale and/or importing of defendants' stent devices, including Cypher™;

(g)    Defendants' infringement of the '536 patent is willful;

(h)    Defendants' infringement of the '920 patent is willful;

(i)    Defendants' infringement of the '009 patent is willful;

(j)    Defendants, their officers, directors, affiliates, agents, servants, employees and attorneys, and all those persons acting in privity or in concert with either of them be preliminarily and permanently enjoined from infringement of the '536 patent;

(k)     Plaintiffs be awarded their damages for infringement of the '536 patent, and that the damages be trebled;

(l)     Plaintiffs be awarded their damages for infringement of the '920 patent, and that the damages be trebled;

(m)    Plaintiffs be awarded their damages for infringement of the '009 patent, and that the damages be trebled;

(n)     This is an exceptional case under 35 U.S.C. § 285 and awarding plaintiffs their costs, expenses and attorneys fees in this action; and

(o)     Plaintiffs be awarded such other and further relief as this Court or jury may deem proper.

## Jury Demand

Plaintiffs demand a trial by jury on all issues triable of right by a jury.

_____
Andre G. Bouchard (I.D. No. 2504)
BOUCHARD MARGULES & FRIEDLANDER
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
Attorneys for Plaintiffs Boston Scientific Scimed, Inc. and Boston Scientific Corporation

-8-

OF COUNSEL:

Richard L. DeLucia
Thomas J. Meloro
Jerry Canada
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: July 2, 2003

# EXHIBIT 5

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT 2007 AUG -5  PM 4: 20
FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC SCIMED, INC. and )
BOSTON SCIENTIFIC CORPORATION, )
)
Plaintiffs, )
)
)
)
)
v. )    C.A. No. 03-283-SLR
)
CORDIS CORPORATION and )
JOHNSON AND JOHNSON, INC. )
)
Defendants. )
)
)
-and- )
)
CORDIS CORPORATION and )
JOHNSON AND JOHNSON, INC. )
)
Counterclaim Plaintiffs, )
)
v. )
)
BOSTON SCIENTIFIC SCIMED, INC. and )
BOSTON SCIENTIFIC CORPORATION, )
)
Counterclaim Defendants. )

## DEFENDANTS' ANSWER AND COUNTER CLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants/Counterclaim Plaintiffs Cordis Corporation ("Cordis") and Johnson

and Johnson, Inc. ("J&J"), by their undersigned attorneys, for their reply to the claims asserted in

Plaintiffs' First Amended Complaint ("Complaint") and for their counterclaims against

Plaintiffs/Counterclaim Defendants Boston Scientific SciMed, Inc. ("BSSI") and Boston

Scientific Corporation ("BSC"), allege as follows:

1.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.    Admit upon information and belief BSC is a Delaware corporation having its principal place of business in Massachusetts and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3.    Admit the allegations of paragraph 3 of the Complaint.

4.    Admit the allegations of paragraph 4 of the Complaint.

5.    Admit BSC and BSSI purport to state a claim under the U.S. Patent Laws and admit that BSC and BSSI allege that the Court has subject matter jurisdiction.

6.    Admit BSC and BSSI allege Cordis and J&J are subject to personal jurisdiction in this Court.

7.    Admit BSC and BSSI allege that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8.    Defendants repeat their replies to the allegations set forth in paragraphs 1 through 7.

9.    Admit that this is an action for patent infringement, deny that Defendants have infringed U.S. Patent No. 6,120,536 ("the '536 patent"), and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

10.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

2

11.    Deny having knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 11 of the Complaint.

12.    Deny the allegations of paragraph 12 of the Complaint.

13.    Deny the allegations of paragraph 13 of the Complaint.

14.    Deny the allegations of paragraph 14 of the Complaint.

15.    Deny the allegations of paragraph 15 of the Complaint.

16.    Defendants repeat their replies to the allegations set forth in paragraphs 1 through 15.

17.    Admit that this is an action for patent infringement, deny that Defendants have infringed U.S. Patent No. 6,251,920 ("the '920 patent"), and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint.

18.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.    Deny having knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 19 of the Complaint.

20.    Deny the allegations of paragraph 20 of the Complaint,

21.    Deny the allegations of paragraph 21 of the Complaint.

22.    Deny the allegations of paragraph 22 of the Complaint.

23.    Deny the allegations of paragraph 23 of the Complaint.

24.    Defendants repeat their replies to the allegations set forth in paragraphs 1 through 23.

25.    Admit that this is an action for patent infringement, deny that Defendants have infringed U.S. Patent No. 6,515,009 ("the '009 patent"), and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint.

26.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.    Deny having knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 27 of the Complaint.

28.    Deny the allegations of paragraph 28 of the Complaint.

29.    Deny the allegations of paragraph 29 of the Complaint.

30.    Deny the allegations of paragraph 30 of the Complaint.

31.    Deny the allegations of paragraph 31 of the Complaint.

32.    Defendants repeat their replies to the allegations set forth in paragraphs 1 through 31.

33.    Admit the allegations of paragraph 33 of the Complaint.

34.    Deny the allegations of paragraph 34 of the Complaint.

35.    Deny the allegations of paragraph 35 of the Complaint.

36.    Admit BSC and BSSI allege that an actual and justiciable controversy exists, and admit BSC and BSSI allege that that controversy is properly resolved by declaratory judgment.

37.    Deny the allegations of paragraph 37 of the Complaint.

38.    Deny the allegations of paragraph 38 of the Complaint.

4

## DEFENSES TO THE COMPLAINT

39.     The Complaint fails to state grounds on which relief can be granted.

40.     Neither Cordis nor J&J has infringed any claim of U.S. Patent Nos. 6,120,536 ("the '536 patent"), 6,251,920 ("the '920 patent"), or 6,515,009 ("the '009 patent"), either directly, indirectly, literally or under the doctrine of equivalents.

41.     Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '536 patent, the '920 patent, or the '009 patent.

42.     Each asserted claim of the '536 patent, the '920 patent, and the '009 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

43.     Plaintiffs are estopped from asserting that Cordis or J&J has infringed the claims of the '536 patent, the '920 patent, or the '009 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentees in the proceedings before the United States Patent and Trademark Office.

44.     Each of plaintiffs' claims is barred by the doctrine of laches.

## FIRST COUNTERCLAIM

1.     This is a declaratory judgment counterclaim for a declaration of noninfringement, invalidity and unenforceability of all of the asserted claims of U.S. Patent No. 6,120,536 ("the '536 patent"). This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.     Counterclaim Plaintiff Cordis is a corporation organized and existing under the laws of the State of Florida and having principal places of business at 40 Technology Drive, Warren, New Jersey, and at 14201 N.W. 60th Avenue, Miami Lakes, Florida.

5

3.    Counterclaim Plaintiff J&J is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at One Johnson and Johnson Plaza, New Brunswick, New Jersey.

4.    Upon information and belief, Counterclaim Defendant BSC is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Massachusetts. Upon information and belief, BSC, on its own and through its control of BSSI, conducts business in this judicial district.

5.    Upon information and belief, Counterclaim Defendant BSSI is a corporation organized and existing under the laws of the State of Minnesota and having a principal place of business in Minnesota. BSSI is a wholly owned subsidiary of BSC that conducts business in this judicial district.

6.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    Counterclaim Defendants BSC and BSSI have consented to personal jurisdiction in this Court by appearing in this action.

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

9.    Counterclaim Defendants BSC and BSSI have created an actual and justiciable controversy between themselves and Cordis and J&J regarding whether Cordis and J&J have infringed any valid and enforceable claim of the '536 patent.

10.    On or about March 13, 2003, Counterclaim Defendants BSC and BSSI filed a complaint against Cordis and J&J for infringement of the '536 patent.

6

11.    On or about July 8, 2003, Counterclaim Defendants BSC and BSSI filed an amended complaint against Cordis and J&J for infringement of the '536 patent.

12.    Neither Cordis nor J&J has infringed any claim of the '536 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

13.    Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '536 patent.

14.    Each asserted claim of the '536 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

15.    Counterclaim Defendants are estopped from asserting that Cordis and J&J have infringed the claims of the '536 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in the proceedings before the United States Patent and Trademark Office.

## SECOND COUNTERCLAIM

16.    This is a declaratory judgment counterclaim for a declaration of noninfringement, invalidity and unenforceability of all of the asserted claims of U.S. Patent No. 6,251,920 ("the '920 patent"). This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

17.    Counterclaim Plaintiffs repeat their allegations set forth in paragraphs 2 through 8 of the First Counterclaim.

18.    Counterclaim Defendants BSC and BSSI have created an actual and justiciable controversy between themselves and Cordis and J&J regarding whether Cordis and J&J have infringed any valid and enforceable claim of the '920 patent.

7

19.    On or about July 8, 2003, Counterclaim Defendants BSC and BSSI filed an amended complaint against Cordis and J&J for infringement of the '920 patent.

20.    Neither Cordis nor J&J has infringed any claim of the '920 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

21.    Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '920 patent.

22.    Each asserted claim of the '920 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

23.    Counterclaim Defendants are estopped from asserting that Cordis and J&J have infringed the claims of the '920 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in the proceedings before the United States Patent and Trademark Office.

## THIRD COUNTERCLAIM

24.    This is a declaratory judgment counterclaim for a declaration of noninfringement, invalidity and unenforceability of all of the asserted claims of U.S. Patent No. 6,515,009 ("the '009 patent").  This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

25.    Counterclaim Plaintiffs repeat their allegations set forth in paragraphs 2 through 8 of the First Counterclaim.

26.    Counterclaim Defendants BSC and BSSI have created an actual and justiciable controversy between themselves and Cordis and J&J regarding whether Cordis and J&J have infringed any valid and enforceable claim of the '009 patent.

8

27.     On or about July 8, 2003, Counterclaim Defendants BSC and BSSI filed an amended complaint against Cordis and J&J for infringement of the '009 patent.

28.     Neither Cordis nor J&J has infringed any claim of the '009 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

29.     Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '009 patent.

30.     Each asserted claim of the '009 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

31.     Counterclaim Defendants are estopped from asserting that Cordis and J&J have infringed the claims of the '009 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in the proceedings before the United States Patent and Trademark Office.

## PRAYER FOR RELIEF

WHEREFORE Counterclaim Plaintiffs Cordis and J&J pray for entry of judgment:

A.     Dismissing the Amended Complaint of BSC and BSSI with prejudice;

B.     Enjoining BSC and BSSI from asserting the '536, the '920, or the '009 patent against Cordis or J&J;

C.     Declaring that neither Cordis nor J&J has infringed any claim of the '536, the '920, or the '009 patents;

D.     Declaring that each asserted claim of the '536, the '920, and the '009 patents is invalid;

9

E.      Declaring that each claim of the '536, the '920, and the '009 patents is unenforceable;

F.      Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Cordis and J&J their reasonable attorneys' fees and expenses of litigation against BSC and BSSI;

G.      Awarding Cordis and J&J the costs of this suit; and

H.      Awarding such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Counterclaim Plaintiffs Cordis and J&J hereby respectfully request trial by jury on all issues triable to a jury.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants/Counterclaim
Plaintiffs Cordis Corporation and
Johnson and Johnson*

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2003, the attached **DEFENDANTS'**

**ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED**

**COMPLAINT AND DEFENDANTS' DEMAND FOR JURY TRIAL** was served upon the

below-named counsel of record at the address and in the manner indicated:

Andre G. Bouchard, Esquire                          **HAND DELIVERY**
Bouchard Margules & Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Richard L. DeLucia, Esquire                         **VIA FEDERAL EXPRESS**
Kenyon & Kenyon
One Broadway
New York, NY 10004

John G. Day

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2003 DEC 15  PM 4: 24

BOSTON SCIENTIFIC SCIMED, INC. and
BOSTON SCIENTIFIC CORPORATION,

                        Plaintiffs,

                   v.

CORDIS CORPORATION and
JOHNSON AND JOHNSON, INC.,

                        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _0 3 - 1 1 3 8_

## COMPLAINT

Plaintiffs, Boston Scientific Scimed, Inc. and Boston Scientific Corporation, by
way of this Complaint against defendants Johnson and Johnson, Inc. and Cordis Corporation
(collectively, "Defendants"), upon knowledge as to their own acts, and upon information and
belief as to all other matters, hereby allege as follows:

### Parties

1.     Boston Scientific Scimed, Inc. is a Minnesota corporation having its
principal place of business at One Scimed Place, Maple Grove, MN 55311-1566.

2.     Boston Scientific Corporation is a Delaware corporation having its
principal place of business at One Boston Scientific Plaza, Natick, Massachusetts 01760.

3.     Johnson and Johnson, Inc. ("J&J") is a New Jersey corporation having its
principal place of business at One Johnson and Johnson Plaza, New Brunswick, NJ 08933.

4.     Cordis Corporation. ("Cordis") is a Florida corporation having its
principal place of business at 40 Technology Drive, Warren, New Jersey, and at 14201 N.W.
60th Avenue, Miami Lakes, FL 33014.

<u>**Jurisdiction And Venue**</u>

5.    This is an action for patent infringement arising under the U.S. Patent Laws, Title 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

6.    This Court has personal jurisdiction over defendants.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

<u>**First Count--Patent Infringement**</u>

8.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 7 as if set forth herein.

9.    This is an action for patent infringement, based upon defendants' infringement of U.S. Patent No. 6,171,609 ("the '609 patent"). A true and correct copy of the '609 patent is attached as Exhibit A hereto.

10.    The '609 patent is entitled "Therapeutic Inhibitor of Vascular Smooth Muscle Cells" and claims, *inter alia,* an intravascular stent comprising a therapeutic agent. The '609 patent was duly and legally issued by the United States Patent and Trademark Office on January 9, 2001.

11.    The '609 patent is assigned to Boston Scientific Corporation.

12.    Defendants have made, used, offered for sale, sold and/or imported in the United States stent devices, including Cypher™, the use of which infringes the '609 patent. Defendants have infringed and are infringing the '609 patent by making, using, offering for sale, selling and/or importing stent devices, including Cypher™.

-2-

13.    Defendants' infringement of the '609 patent has been willful, without license, and carried out with full knowledge of the '609 patent.

14.    Defendants will continue their acts of infringement unless restrained and enjoined by this Court.

15.    Should Defendants be permitted to continue infringement of the '609 patent, the resulting damage to plaintiffs will be substantial and irreparable. Plaintiffs have no adequate remedy at law.

**Second Count—Patent Infringement**

16.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 15 as if set forth herein.

17.    This is an action for patent infringement, based upon defendants' infringement of U.S. Patent No. 6,599,928 ("the '928 patent"). A true and correct copy of the '928 patent is attached as Exhibit B hereto:

18.    The '928 patent is entitled "Therapeutic Inhibitor of Vascular Smooth Muscle Cells" and claims, *inter alia*, a method for maintaining vessel luminal area and an intravascular stent. The '928 patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2003.

19.    The '928 patent is assigned to Boston Scientific Corporation.

20.    Defendants have made, used, offered for sale, sold and/or imported in the United States stent devices, including Cypher™, the sale and use of which infringes the '928 patent. Defendants have infringed and are infringing the '928 patent by making, using, offering for sale, selling and/or importing stent devices, including Cypher™, that are claimed in the '928

-3-

patent and that are also to be used in the claimed methods. Defendants' actions constitute inducement of infringement and contributory infringement of the '928 patent.

21.     Defendants' infringement of the '928 patent has been willful, without license, and carried out with full knowledge of the '928 patent.

22.     Defendants will continue their acts of infringement unless restrained and enjoined by this Court.

23.     Should Defendants be permitted to continue infringement of the '928 patent, the resulting damage to plaintiffs will be substantial and irreparable. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for a judgment that:

(a)     The '609 patent is valid and enforceable against Defendants;

(b)     The '928 patent is valid and enforceable against Defendants;

(c)     Defendants infringe the '609 patent by their manufacture, use, offer for sale, sale and/or importing of defendants' stent devices, including Cypher™;

(d)     Defendants infringe the '928 patent by their manufacture, use, offer for sale, sale and/or importing of defendants' stent devices, including Cypher™;

(e)     Defendants' infringement of the '609 patent is willful;

(f)     Defendants' infringement of the '928 patent is willful;

(g)     Defendants, their officers, directors, affiliates, agents, servants, employees and attorneys, and all those persons acting in privity or in concert with

-4-

either of them be permanently enjoined from infringement of the '609

patent;

(h)    Defendants, their officers, directors, affiliates, agents, servants, employees

and attorneys, and all those persons acting in privity or in concert with

either of them be permanently enjoined from infringement of the '928

patent;

(i)    Plaintiffs be awarded their damages for infringement of the '609 patent,

and that the damages be trebled;

(j)    Plaintiffs be awarded their damages for infringement of the '928 patent,

and that the damages be trebled;

(k)    This is an exceptional case under 35 U.S.C. § 285 and awarding plaintiffs

their costs, expenses and attorneys fees in this action; and

(l)    Plaintiffs be awarded such other and further relief as this Court or jury

may deem proper.

**Jury Demand**

Plaintiffs demand a trial by jury on all issues triable of right by a jury.

Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
BOUCHARD MARGULES & FRIEDLANDER
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Plaintiffs Boston Scientific Scimed,*
*Inc. and Boston Scientific Corporation*

-5-

OF COUNSEL:

Richard L. DeLucia
Thomas J. Meloro
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: December 15, 2003

-6-

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC SCIMED, INC. and        )
BOSTON SCIENTIFIC CORPORATION,            )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )        Civil Action No. 03-1138-SLR
                                          )
CORDIS CORPORATION and                    )
JOHNSON AND JOHNSON, INC.,                 )
                                          )
                    Defendants.           )

**DEFENDANTS' ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' COMPLAINT
AND DEFENDANTS' DEMAND FOR A JURY TRIAL**

Defendants/Counterclaim Plaintiffs Cordis Corporation ("Cordis") and Johnson and Johnson, Inc. ("J&J"), by their undersigned attorneys, for their answer to the claims asserted in Plaintiffs' Complaint ("Complaint") and for their counterclaims against Plaintiffs/Counterclaim Defendants Boston Scientific SciMed, Inc. ("BSSI") and Boston Scientific Corporation ("BSC"), allege as follows:

1.      Admit upon information and belief that BSSI is a Minnesota corporation having its principal place of business in Minnesota and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

2.      Admit upon information and belief that BSC is a Delaware corporation having its principal place of business in Massachusetts and deny having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3.    Admit the allegations of paragraph 3 of the Complaint.

4.    Admit the allegations of paragraph 4 of the Complaint.

5.    Admit that BSC and BSSI purport to state a claim under the U.S. Patent Laws and admit that BSC and BSSI allege that the Court has subject matter jurisdiction.

6.    Admit that BSC and BSSI allege that Cordis and J&J are subject to personal jurisdiction in this Court.

7.    Admit that BSC and BSSI allege that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8.    Defendants repeat their responses to the allegations set forth in paragraphs 1 through 7.

9.    Admit that this is an action for patent infringement, deny that Defendants have infringed U.S. Patent No. 6,171,609 ("the '609 patent"), and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

10.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.    Deny having knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 11 of the Complaint.

12.    Deny the allegations of paragraph 12 of the Complaint.

13.    Deny the allegations of paragraph 13 of the Complaint.

14.    Deny the allegations of paragraph 14 of the Complaint.

2

961743v1

15.    Deny the allegations of paragraph 15 of the Complaint.

16.    Defendants repeat their responses to the allegations set forth in paragraphs 1 through 15.

17.    Admit that this is an action for patent infringement, deny that Defendants have infringed U.S. Patent No. 6,599,928 ("the '928 patent"), and deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint.

18.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.    Deny having knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 19 of the Complaint.

20.    Deny the allegations of paragraph 20 of the Complaint,

21.    Deny the allegations of paragraph 21 of the Complaint.

22.    Deny the allegations of paragraph 22 of the Complaint.

23.    Deny the allegations of paragraph 23 of the Complaint.

## DEFENSES TO THE COMPLAINT

24.    The Complaint fails to state grounds on which relief can be granted.

25.    Neither Cordis nor J&J has infringed any claim of U.S. Patent Nos. 6,171,609 ("the '609 patent") or 6,599,928 ("the '928 patent"), either directly, indirectly, literally or under the doctrine of equivalents.

26.    Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '609 patent or the '928 patent.

27.    Each asserted claim of the '609 patent and the '928 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

28.    Plaintiffs are estopped from asserting that Cordis or J&J has infringed the claims of the '609 patent or the '928 patent due to the amendments of claims and arguments and other statements made during prosecution, by or on behalf of the patentees, in the proceedings before the United States Patent and Trademark Office.

29.    Each of plaintiffs' claims is barred by the doctrine of laches.

## FIRST COUNTERCLAIM

1.    This is a declaratory judgment counterclaim for a declaration of noninfringement, invalidity and unenforceability of all of the asserted claims of U.S. Patent No. 6,171,609 ("the '609 patent"). This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.    Counterclaim Plaintiff Cordis is a corporation organized and existing under the laws of the State of Florida and having principal places of business at 40 Technology Drive, Warren, New Jersey, and at 14201 N.W. 60th Avenue, Miami Lakes, Florida.

3.    Counterclaim Plaintiff J&J is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at One Johnson and Johnson Plaza, New Brunswick, New Jersey.

4.    Upon information and belief, Counterclaim Defendant BSC is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Massachusetts. Upon information and belief, BSC, on its own and through its control of BSSI, conducts business in this judicial district.

961743v1

4

5.    Upon information and belief, Counterclaim Defendant BSSI is a corporation organized and existing under the laws of the State of Minnesota and having a principal place of business in Minnesota. BSSI is a wholly owned subsidiary of BSC that conducts business in this judicial district.

6.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    Counterclaim Defendants BSC and BSSI have consented to personal jurisdiction in this Court by appearing in this action.

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

9.    Counterclaim Defendants BSC and BSSI have created an actual and justiciable controversy between themselves and Cordis and J&J regarding whether Cordis and J&J have infringed any valid and enforceable claim of the '609 patent.

10.    On or about December 15, 2003, Counterclaim Defendants BSC and BSSI filed a complaint against Cordis and J&J for infringement of the '609 patent.

11.    Neither Cordis nor J&J has infringed any claim of the '609 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

12.    Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '609 patent.

13.    Each asserted claim of the '609 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

14.    Counterclaim Defendants are estopped from asserting that Cordis and J&J have infringed the claims of the '609 patent due to the amendments of claims and arguments and

other statements made during prosecution, by or on behalf of the patentee, in the proceedings before the United States Patent and Trademark Office.

## SECOND COUNTERCLAIM

15.     This is a declaratory judgment counterclaim for a declaration of noninfringement, invalidity and unenforceability of all of the asserted claims of U.S. Patent No. 6,599,928 ("the '928 patent").  This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

16.     Counterclaim Plaintiffs repeat their allegations set forth in paragraphs 2 through 8 of the First Counterclaim.

17.     Counterclaim Defendants BSC and BSSI have created an actual and justiciable controversy between themselves and Cordis and J&J regarding whether Cordis and J&J have infringed any valid and enforceable claim of the '928 patent.

18.     On or about December 15, 2003, Counterclaim Defendants BSC and BSSI filed an amended complaint against Cordis and J&J for infringement of the '928 patent.

19.     Neither Cordis nor J&J has infringed any claim of the '928 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

20.     Neither Cordis nor J&J has contributorily infringed or induced infringement of any claim of the '928 patent.

21.     Each asserted claim of the '928 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code.

22.     Counterclaim Defendants are estopped from asserting that Cordis and J&J have infringed the claims of the '928 patent due to the amendments of claims and arguments and

961743v1

6

other statements made during prosecution, by or on behalf of the patentees, in the proceedings before the United States Patent and Trademark Office.

## PRAYER FOR RELIEF

**WHEREFORE** Cordis and J&J pray for entry of judgment:

A.    Dismissing the Complaint of BSC and BSSI with prejudice;

B.    Enjoining BSC and BSSI from asserting the '609 or the '928 patent against Cordis or J&J;

C.    Declaring that neither Cordis nor J&J has infringed any claim of the '609 or the '928 patents;

D.    Declaring that each asserted claim of the '609 and the '928 patents is invalid;

E.    Declaring that each claim of the '609 and the '928 patents is unenforceable;

F.    Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Cordis and J&J their reasonable attorneys' fees and expenses of litigation against BSC and BSSI;

G.    Awarding Cordis and J&J the costs of this suit; and

H.    Awarding such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Cordis and J&J hereby respectfully request trial by jury on all issues triable to a jury.

961743v1

7

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendants/Counterclaim*
*Plaintiffs Cordis Corporation and*
*Johnson and Johnson*

*Of Counsel:*

Gregory L. Diskant
William F. Cavavaugh, Jr.
Thomas W. Pippert
Michael J. Timmons
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Theodore B. Van Itallie, Jr.
Eric I. Harris
Paul A. Coletti
JOHNSON & JOHNSON
One Johnson & Johnson, Plaza
New Brunswick, New Jersey 08933

Dated: January 5, 2004

137091.1

8

961743v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2004, the attached **DEFENDANTS'**

**ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT AND**

**DEFENDANTS' DEMAND FOR A JURY TRIAL** was served upon the below-named counsel

of record at the address and in the manner indicated:


Andre G. Bouchard, Esquire                          HAND DELIVERY
Bouchard Margules & Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Richard L. DeLucia, Esquire                          VIA FEDERAL EXPRESS
Kenyon & Kenyon
One Broadway
New York, NY 10004


Steven J. Balick

137093.1